649 So.2d 250 (1994)
Walter S. KOLKER, Petitioner,
v.
The STATE of Florida, Respondent.
No. 94-1899.
District Court of Appeal of Florida, Third District.
December 21, 1994.
Rehearing Denied February 15, 1995.
Richard E. Marx, for petitioner.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., for respondent.
*251 Before SCHWARTZ, C.J., HUBBART, and JORGENSON, JJ.
JORGENSON, Judge.
Defendant Walter Kolker seeks certiorari review of an order granting the State's motion to disqualify attorney Richard Marx from representing him in a criminal proceeding. We deny the petition for certiorari.[1]
Walter Kolker, Edward Kruger, and Ronald Williams were charged by information with multiple fraud and racketeering counts relating to their operation of Onyx Financial Group. Attorney Richard Marx had previously represented Kolker and Kruger, and had been counsel of record for Onyx. Williams was the president of Onyx. Significantly, Marx maintained his law office within Onyx premises. The State filed a motion to disqualify Marx from representing Kolker. Kolker executed a Waiver of Conflict of Interest, seeking to maintain Marx' representation. Kruger, however, who had become a witness for the State, executed an affidavit in which he averred that he would not waive his attorney/client privilege relative to Marx, and that in the course of that relationship he had engaged in numerous private conversations with Marx which he believed were privileged. Kruger further averred that he discovered that Marx had failed to communicate a plea offer from the State until after the offer had expired. The trial court granted the State's motion. In a four-page order that contained specific findings of fact, the trial court concluded that, in light of Marx' past representation of both Kolker and Kruger, "Mr. Marx will be placed in a position of adducing probative evidence or advancing plausible arguments on behalf of his client, Walter Kolker and his past client, Edward Kruger." This divided loyalty presented "serious potential for the conflict of interest," that overrode defendant Kolker's waiver of conflict.
The trial court acted within its broad discretion in disqualifying Marx. Although a criminal defendant has a presumptive right under the Sixth Amendment to the United States Constitution to counsel of his own choosing, "that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict." Wheat v. United States, 486 U.S. 153, 164, 108 S.Ct. 1692, 1700, 100 L.Ed.2d 140, 152 (1988).[2] In applying Wheat to a case similar to this one, the Eleventh Circuit held that "[t]he need for fair, efficient, and orderly administration of justice overcomes the right to counsel of choice where an attorney has an actual conflict of interest, such as when he has previously represented a person who will be called as a witness against a current client at a criminal trial." United States v. Ross, 33 F.3d 1507, 1523 (11th Cir.1994). An attorney's previous relationship with a client who has become a witness for the government and plans to testify against the attorney's current client presents a dilemma of divided loyalty. It would be improper for the attorney to use privileged communications from the former client in cross-examination of that former client; the conflict could also "deter the defense attorney from intense probing of the witness on cross-examination to protect privileged communications with the former client." Ross, 33 F.3d at 1523. In determining whether such actual or potential conflict calls for disqualification, the test is "whether the subject matter of the first representation is substantially related to that of the second." Id. Marx represented Kolker and Kruger in their capacities as principals of Onyx and also represented the Onyx entity; the prosecution arose from Kolker and Kruger's business activities with Onyx. Clearly, the subject matter of Marx' representation of his former client is substantially related to his representation of his current client.
Even though this matter is in the pretrial stages and an actual conflict may yet *252 not be apparent, the case is rife with the potential for such conflict. "In the murkier pre-trial context when relationships between parties are seen through a glass, darkly," the court is accorded broad discretion in determining whether the potential for conflict exists. Wheat, 486 U.S. at 162, 108 S.Ct. at 1698-99.
The trial court's explicit finding of a potential conflict of interest supports Marx' disqualification, even in light of defendant Kolker's waiver of conflict. "Such a waiver, however, does not necessarily resolve the matter, for the trial court has an institutional interest in protecting the truth-seeking function of the proceedings over which it is presiding by considering whether the defendant has effective assistance of counsel, regardless of any proffered waiver." United States v. Moscony, 927 F.2d 742, 749 (3d Cir.), cert. denied, 501 U.S. 1211, 111 S.Ct. 2812, 115 L.Ed.2d 984 (1991). Kolker's presumptive right to waive conflict and retain Marx as his attorney is thus overcome by the court's interest in conducting a fair trial by ensuring that Marx' cross-examination of his past client Kruger does not compromise Kruger's privileged communications; and that Marx' present client Kolker is not compromised by his less-than-vigorous cross-examination of Kruger.[3]
In light of Marx' past representation of Kolker, Kruger, and Onyx, we cannot conclude that the trial court exceeded its substantial latitude in determining that the potential for conflict exists, that Kolker's waiver of conflict is not dispositive, and that Marx should therefore be disqualified from representing Kolker. Because petitioner has failed to demonstrate a departure from the essential requirements of the law, we deny certiorari.
NOTES
[1] Certiorari is the appropriate means by which to seek review of an order disqualifying a defendant's attorney. See, e.g., Freeman v. State, 503 So.2d 997 (Fla. 3d DCA 1987).
[2] For an overview of the issue, see generally Bruce A. Green, "Through a Glass Darkly": How the Court Sees Motions to Disqualify Criminal Defense Lawyers, 89 Colum.L.Rev. 1201 (1989); Michael E. Lubowitz, Note, The Right to Counsel of Choice After Wheat v. United States: Whose Choice Is It?, 39 Am.U.L.Rev. 437 (1990).
[3] Petitioner has argued that any actual or potential conflict could be avoided by having substitute counsel conduct the cross-examination of Marx' former client. We disagree. The conflict arises from the past relationship, and cannot be avoided by sectioning off portions of the trial. Such an unwieldy procedure could only further cloud the glass. The potential for conflict would remain, as would the appearance of impropriety. "[C]ourts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." Wheat, 486 U.S. at 160, 108 S.Ct. at 1698.