PARIENTE, Judge,
dissenting.
Defendant seeks to withdraw his plea. He claims it was not knowingly or voluntarily entered because his privately retained attorney represented conflicting interests at the time of the plea and further because of mis-advice of counsel concerning the probationary term. I would allow for withdrawal of the plea, not based on any misadvice of the private attorney, but based on the conflict of interest that existed between defendant and the private attorney at the time of the plea and the absence of a knowing and voluntary waiver of that conflict.
In July 1993, defendant was charged with three counts of lewd acts committed in the presence of his adopted minor child. Defendant’s wife, mother of the child, was charged with concealing the child’s location with criminal intent during pendency of the investigation. Defendant retained a private attorney to represent him and also represent his wife. On September 24, 1993, in response to a demand for discovery made in defendant’s ease, the state filed a witness list showing defendant’s wife as one of its intended witnesses at trial.
On December 6,1993, defendant entered a guilty plea to each of the three counts as charged. Sentencing was postponed. One week later, on December 13, 1993, the private attorney filed a motion to withdraw, citing irreconcilable differences, lack of communication and failure by defendant to make necessary payments. The motion was granted, and an assistant public defender was appointed to represent defendant. On December 20th, defendant was sentenced to community control and probation, and orders were entered January 4, 1994. By January 10,1994, the public defender filed a motion to vacate the plea, alleging inter alia, ineffective assistance of counsel.
Defendant contends that “an actual conflict of interest adversely affected his lawyer’s performance,” thus denying him effective assistance of counsel. Cuyler v. Sullivan, 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980). He asserts that this conflict of interest was created by the dual representation of him and his wife by the same private attorney. Defendant claims he was pressured by the private attorney into pleading guilty, which directly resulted from the conflict. While there may not have been an actual conflict of interest when defendant first retained the private attorney for himself and his wife, certainly by September 1993, when the state filed its list of witnesses which included defendant’s wife, both the private attorney and the trial court were on notice of a potential conflict.
In Cuyler, the United States Supreme Court explained that a trial court has a duty, though limited, to avoid potential conflicts of interest. 446 U.S. at 346, 100 S.Ct. at 1717. That duty requires a court to initiate an inquiry into a potential conflict if it knows or reasonably should know that a potential conflict exists. Id. at 347, 100 S.Ct. at 1717. While making this inquiry, the Supreme Court has noted that the “essential aim of the [Sixth] Amendment is to guarantee an effective advocate,” not a lawyer inexorably preferred by the defendant. Wheat v. United States, 486 U.S. 153, 159, 108 S.Ct. 1692, 1697, 100 L.Ed.2d 140 (1988).
In Holloway v. Arkansas, 435 U.S. 475, 483 n. 5, 98 S.Ct. 1173, 1178 n. 5, 55 L.Ed.2d 426, 433 n. 5 (1978), the Supreme Court stated that “a defendant may waive his right to the assistance of an attorney unhindered by a conflict of interests.” Waiver must be knowing and intelligent. Nevertheless, the Supreme Court held in Wheat that although the trial court must recognize a presumption in favor of the defendant’s choice of counsel, “that presumption may be overcome not only by a demonstration of actual conflict, but also *1062 by a showing of a serious potential for conflict.” 486 U.S. at 154, 108 S.Ct. at 1694.
With the listing of defendant’s wife as a witness for the state, the very real potential for conflict existed. See Kolker v. State, 649 So.2d 250 (Fla. 3d DCA 1994); see also Foster v. State, 387 So.2d 344 (Fla.1980). At that juncture, because the trial court knew or should have known that a potential conflict of interest existed, it became incumbent on the trial court to investigate the dual representation prior to accepting defendant’s plea. See Wood v. Georgia, 450 U.S. 261, 101 S.Ct. 1097, 67 L.Ed.2d 220 (1981); Cuyler.
Prior to pleading guilty, defendant was entitled to independent counsel or, at a minimum, to be advised by the trial court of his right to conflict-free counsel. The trial court should have then either appointed independent counsel or obtained a knowing and voluntary waiver regarding the potential conflict before accepting defendant’s plea. Under these circumstances, in my opinion, defendant’s motion to withdraw his plea should have been granted.