782 So.2d 526 (2001)
STATE of Florida, Petitioner,
v.
Yvetta BROWN, Respondent.
No. 1D00-4050.
District Court of Appeal of Florida, First District.
April 12, 2001.
*527 Robert A. Butterworth, Attorney General, and Edward C. Hill, Jr., Assistant Attorney General, Tallahassee, Attorneys for Petitioner.
Glenn H. Weiss, Assistant Public Defender, Gainesville, Attorney for Respondent.
PER CURIAM.
The State of Florida seeks certiorari review of the trial court's interlocutory order excluding its witness from testifying at trial. Certiorari review is appropriate in a case such as this in which, if the defendant is acquitted, the State has no right to a direct appeal. See State v. Pettis, 520 So.2d 250, 253-254 (Fla.1988); State v. Sowers, 763 So.2d 394, 398 (Fla. 1st DCA 2000). We hold the trial court departed from the essential requirements of law, and grant the petition.
The State alleges two reasons for certiorari review, only one of which we find has merit. The State disclosed the name of the witness after the pre-trial conference, apparently due to a mistake on the police report. Upon learning the true identity of the witness, the public defender's office certified a conflict of interest based on its representation of the newly identified witness. When the public defender moved to withdraw from the case, or alternatively to exclude the witness from testifying, the trial court failed to conduct an inquiry as required by Richardson v. State, 246 So.2d 771 (Fla.1971).
Based on the appendix before us, it appears that, at most, only a cursory inquiry was conducted. Generally, in conducting a Richardson hearing, the trial court is concerned about the accused's ability to prepare for trial due to a discovery violation by the State. Here, by excluding the witness from testifying, the trial court solved any prejudicial impact the late disclosure would have on the defendant, but it did not address whether there was a discovery violation and, if so, whether the violation was willful, and what remedies, other than excluding the witness, were available to undo any prejudice to the defendant. See Donaldson v. State, 656 *528 So.2d 580 (Fla. 1st DCA 1995)(the extreme remedy of excluding a witness should be invoked by the trial court only after it has made an adequate inquiry as to whether any reasonable alternatives may be used to overcome or mitigate possible prejudice). See also Sowers, 763 So.2d at 402 (Miner, J., concurring and dissenting). The trial court should have made the requisite findings before excluding the witness from testifying at trial.
Accordingly, the petition is GRANTED, the Order Excluding Witness from Testifying for State is quashed, and the case is remanded for proceedings consistent with this opinion.
BOOTH, KAHN and VAN NORTWICK, JJ., concur.