829 So.2d 959 (2002)
Joseph COTTO, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D02-3488.
District Court of Appeal of Florida, Fourth District.
October 30, 2002.
Kevin J. Kulik, Ft. Lauderdale, and Bradley M. Collins of Bradley M. Collins, P.A., Ft. Lauderdale, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Richard Valuntas, Assistant *960 Attorney General, West Palm Beach, for respondent.
KLEIN, J.
The trial court replaced petitioner's special public defender because he also represented a state's witness who would rebut petitioner's claim that he was insane at the time he committed the crime. We conclude, notwithstanding petitioner's apparent desire to waive the conflict, that the trial court correctly found that petitioner did not comprehend the possible ramifications of the conflict.
Petitioner, who was charged with two counts of first degree murder, spent several days after the crimes were committed with a person named Semper. Semper was listed by the state as a witness who would testify as to petitioner's behavior during the time they spent together, which would refute petitioner's insanity defense.
Just prior to trial, the state moved the court to determine if petitioner's lawyer, who was representing Semper on unrelated criminal charges, had a conflict requiring disqualification. The conflict about which the state was concerned was that Semper had told his and petitioner's lawyer things which would be privileged and could not be used when petitioner's lawyer cross-examined Semper. The state was looking ahead, as well it should have been, to a post-conviction challenge to the adequacy of counsel's performance.
In response to the motion, petitioner's lawyer represented to the court that he would withdraw from representing Semper and that petitioner would waive the conflict. After questioning the defendant, who wanted to retain his lawyer, the court found that this was a conflict and that the defendant, who had diminished mental capacity but was competent, did not sufficiently understand how the conflict could affect his defense so as to be able to intelligently waive the conflict. Petitioner seeks certiorari review of the order disqualifying counsel.
In Kolker v. State, 649 So.2d 250, 251 (Fla. 3d DCA 1994), the court explained:
Although a criminal defendant has a presumptive right under the Sixth Amendment to the United States Constitution to counsel of his own choosing, "that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict." Wheat v. United States, 486 U.S. 153, 164, 108 S.Ct. 1692, 1700, 100 L.Ed.2d 140, 152 (1988). In applying Wheat to a case similar to this one, the Eleventh Circuit held that "[t]he need for fair, efficient, and orderly administration of justice overcomes the right to counsel of choice where an attorney has an actual conflict of interest, such as when he has previously represented a person who will be called as a witness against a current client at a criminal trial." United States v. Ross, 33 F.3d 1507, 1523 (11th Cir.1994). An attorney's previous relationship with a client who has become a witness for the government and plans to testify against the attorney's current client presents a dilemma of divided loyalty. It would be improper for the attorney to use privileged communications from the former client in cross-examination of that former client; the conflict could also "deter the defense attorney from intense probing of the witness on cross-examination to protect privileged communications with the former client." Ross, 33 F.3d at 1523. [footnote omitted]
See also United States v. Moscony, 927 F.2d 742, 749 (3d Cir.1991) ("trial court is obligated to protect the truth-seeking function of the proceedings by considering if defendant has effective counsel even where defendant wishes to waive the conflict").
*961 We conclude that this conflict is one which could be waived[1], but that the transcript supports the trial court's conclusion that there was no knowing and intelligent waiver. We therefore deny the petition.
HAZOURI and MAY, JJ., concur.
NOTES
[1] One court has held that a conflict implicating counsel's ethical obligation to someone other than the defendant can be waived, but a conflict implicating counsel's self-interest cannot. United States v. Fulton, 5 F.3d 605 (2d Cir.1993) and cases cited. Under that analysis the conflict in the present case would be waivable. In Fulton, defense counsel had been accused of participating in criminal activity relating to the crimes for which the defendant was on trial. The court held that conflict was not waivable because counsel's desire to avoid criminal charges or damage to his reputation had to have affected his representation of the defendant. Some conflicts are so substantial that "no rational defendant would knowingly and intelligently desire that attorney's representation." United States v. Schwarz, 283 F.3d 76, 95 (2d Cir.2002).