GREEN, J.
The state seeks common law certiorari review of a non-final order excluding the testimony of a confidential informant at trial. We conclude that the lower court’s order departed from the essential requirements of law. Accordingly, we grant the petition and quash the order under review.
Jorge Santiago Cruz was charged with one count of attempted trafficking in cocaine and one count of conspiracy to sell, manufacture, or deliver cocaine. His defense counsel filed a request for certain information about the confidential informant (“Cl”) used in this case pursuant to Kyles v. Whitley, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995), and Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Specifically, the defense requested that the identity of the Cl, any materials that would detail or document the Cl’s career as an informant, including payment records, performance reports, etc., be disclosed. The assistant state attorney replied to defendant’s request in letter form and stated that the identity of the Cl had previously been disclosed in a discovery exhibit, and that the Cl had never been under contract as an informant with the Miami-Dade Police Department in this case or any other case of which the state was aware. The state attorney also stated that she did not have access to the requested Kyles/Brady materials because the Cl was provided to the Miami-Dade Police Department through the FBI.
*251 After deposing the two lead detectives and the Cl in Cruz’s case, defense counsel requested a continuance alleging that the state attorney’s letter in response to the Kyles/Brady request was misleading and wrong. The defense claimed that the Cl had, in fact, been arrested in Miami-Dade County and placed on probation, and that the Cl had also been arrested in New Jersey on federal charges. In their depositions, the lead detectives stated that the Cl had been used by the department in the past, and that the Cl was possibly “working off’ his state probation by cooperating with Miami-Dade police. Defense counsel claimed that he expressly relied on the state attorney’s assertion that the Cl had no priors, and requested additional time to secure information regarding the Cl’s history.
The defense moved to exclude the Cl’s testimony and to suppress any statements made by the Cl due to the state attorney’s misrepresentations that she had no knowledge of the Cl’s past, when the Cl had previously been a state defendant. The defense claimed that any records concerning the Cl in the FBI’s possession were in the constructive possession of the state, and that the state was therefore obligated to turn those documents over to defense counsel in response to his Kyles/Brady request.[1] At the hearing on the matter, defense counsel also claimed that the Cl made a compact with the federal government to become an informant, and was lent to the state to help them make a case against Cruz.
The state denied these assertions and argued that the deposition testimony of the lead detectives failed to establish the formation of a compact agreement. The trial court granted defendant’s motion and excluded the Cl’s testimony based upon on prosecutorial misconduct and/or lack of due diligence. The state now seeks certio-rari review.
Certiorari review of a non-final pretrial order is appropriate in a case such as this in which, if the defendant is acquitted, the state has no right to a direct appeal. State v. Pettis, 520 So.2d 250, 253-54 (Fla.1988); see also State v. Brown, 782 So.2d 526, 527 (Fla. 1st DCA 2001)(granting certiorari review of interlocutory order excluding state witness from testifying at trial).
When a trial court is made aware of a possible discovery violation by the state within the course of the proceedings, the court has discretion to determine if such violation will prejudice the defendant at trial. Richardson v. State, 246 So.2d 771, 775 (Fla.1971). However, the court’s discretion can be properly exercised only after the court has made an adequate inquiry into all of the surrounding circumstances. Id. The court should inquire as to “ ‘whether the state’s violation was inadvertent or wilful, whether the violation was trivial or substantial, and most importantly, what effect, if any, did it have upon the ability of the defendant to properly prepare for trial.’ ” Id. (quoting Ramirez v. State, 241 So.2d 744, 747 (Fla. 4th DCA 1970)); see also Carnivale v. State, 271 So.2d 793, 795 (Fla. 3d DCA 1973)(also quoting Ramirez).
It is the trial court’s affirmative duty to conduct this “Richardson hearing.” See C.D.B. v. State, 662 So.2d 738, 741 (Fla. 1st DCA 1995)(stating that “[0]nce put on notice of a [discovery] violation, the *252 trial court has an affirmative obligation to conduct a hearing without the defendant specifically requesting one.”). The trial court in the present case made no such effort to seek out the circumstances surrounding the state’s alleged discovery violation.
The trial judge’s ruling on defendant’s motion to exclude the Cl’s testimony was based strictly on the defendant’s argument that the state attorney’s letter regarding the Kyles/Brady information was misleading, and that the depositions of the two lead detectives in the case evidenced the formation of a compact agreement between the state and federal governments regarding the use of the Cl. No inquiry was made as to whether the state attorney’s assertions were made inadvertently or willfully, or whether they prohibited the defendant’s ability to properly prepare for trial.
Without any such evidence, the trial court erred in excluding the Cl’s testimony. Furthermore, “[t]he severe sanction of witness exclusion ... should be a last resort and reserved for extreme or aggravated circumstances, particularly when the excluded testimony relates to critical issues or facts and the testimony is not cumulative.” Austin v. State, 461 So.2d 1380, 1381 (Fla. 1st DCA 1984); see also Donaldson v. State, 656 So.2d 580, 580-81 (Fla. 1st DCA 1995)(stating that witness exclusion should be invoked only after trial court has conducted adequate inquiry as to whether any other reasonable alternatives exist to overcome or mitigate possible prejudice). Since the record does not reflect any purposeful deception on the part of the state attorney, this case does not present circumstances severe enough to support total exclusion of the Cl’s testimony.
Because the trial court did not initiate a full Richardson hearing on this matter, and because there was no information evidencing a discovery violation severe enough to support the trial court’s total exclusion of the Cl’s testimony, we find that the trial judge departed from the essential requirements of the law. Certio-rari is granted and the order under review is quashed. The cause is remanded for further proceedings consistent with this opinion.
Petition granted.

. The defense also attempted to obtain information regarding the Cl from the FBI by issuing a subpoena duces tecum to the agency requesting documents relating to the Cl’s work for the federal government. The FBI, however, refused to accept service of the subpoena.