982 So.2d 1288 (2008)
STATE of Florida, Petitioner,
v.
Lee MARTIN, Respondent.
No. 4D08-1633.
District Court of Appeal of Florida, Fourth District.
June 11, 2008.
Bill McCollum, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for petitioner.
No response required for respondent.
HAZOURI, J.
The State of Florida petitions this court for a writ of certiorari seeking to quash a trial court order that excluded former Broward *1289 County Sheriff's Office (BSO) Detective Christopher Zapata from testifying in a criminal trial against another former BSO Detective, Lee Martin. Martin, who worked in the same office as Zapata, is charged with numerous counts of official misconduct and falsification of police records. Zapata was previously acquitted of similar charges and the state agreed to dismiss additional charges for which Zapata was facing retrial. Zapata was then subpoenaed by the state and gave an immunized statement. The trial court had previously denied Martin's attempt to exclude Zapata as a witness against him.
This court has certiorari jurisdiction to review an order excluding a state witness from testifying at trial when the order substantially impairs the state's ability to prosecute its case. State v. Pettis, 520 So.2d 250 (Fla.1988); see, e.g., State v. Gerry, 855 So.2d 157 (Fla. 5th DCA 2003); State v. Scheuschner, 829 So.2d 943 (Fla. 1st DCA 2002); State v. Brown, 782 So.2d 526 (Fla. 1st DCA 2001).
The trial court excluded Zapata from testifying finding that he had no relevant or admissible evidence to provide at trial. The court considered the sworn statement which Zapata gave over two days, wherein he admitted falsifying police reports, as well as his deposition testimony and his testimony at a hearing on the motion to exclude. Zapata did not directly implicate Martin in any criminal offenses in any of these statements. Zapata, however, possessed personal knowledge of various matters which might constitute circumstantial evidence in this case. While Zapata appears to have some relevant evidence as to the criminal charges against Martin, we agree that, for the most part, the probative value of this evidence is substantially outweighed by the danger of undue prejudice. § 90.403, Fla. Stat. (2007).
The trial court did not depart from the essential requirements of law in excluding Zapata as a witness under the current circumstances. Zapata's testimony has limited relevance and other sources of evidence appear available on these same matters. If circumstances were to change before, or during trial, the trial court will have an opportunity to reconsider its decision if raised by the state in an appropriate motion.
The state's argument that the trial court was barred from reconsidering its prior determination refusing to exclude Zapata as a witness is not persuasive. The state argues that this issue was res judicata and that this court's decision to deny Martin's petition for writ of certiorari in a prior case (closed case no. 4D07-3881) constituted the law of the case on this issue.
In the previously-filed petition for writ of certiorari, Martin argued that the trial court had departed from the essential requirements of law in disqualifying the attorney he had retained, Alberto Milian. Milian had previously represented Zapata in his criminal trial. Although Martin attempted to raise in his petition the trial court's decision refusing to exclude Zapata as a witness, this court had jurisdiction to review only the issue regarding disqualification of counsel. Cotto v. State, 829 So.2d 959 (Fla. 4th DCA 2002). This court did not determine the issue regarding the exclusion of Zapata because Martin had an adequate remedy in the event of a plenary appeal. Therefore, the trial court was not precluded from reconsidering this issue.
We note in passing that defense counsel's zealous argument below, that the state had "fraudulently" listed Zapata as a witness solely to disqualify Milian as counsel, is highly suspect. The state listed Zapata as a witness months before Martin retained Milian as counsel. Before then, *1290 Martin had been represented by another attorney. Nothing in the current record suggests that the state anticipated Martin's choice of counsel would suddenly change. Attorneys should refrain from making accusations that another member of the bar is purposely, or "fraudulently," attempting to interfere with a criminal defendant's constitutional rights unless these accusations are founded in fact.
The petition is denied.
Petition Denied.
GROSS and DAMOORGIAN, JJ., concur.