358 So.2d 43 (1978)
Fred M. HOSBEIN and Commercial Carrier Corporation, Appellants,
v.
Roslyn SILVERSTEIN, As Personal Representative of the Estate of Nathan Silverstein, Deceased, for the Benefit of Roslyn Silverstein, Surviving Wife, and Arnold V. Fedele and Hartford Accident and Indemnity Company, Appellees.
No. 76-1430.
District Court of Appeal of Florida, Fourth District.
April 10, 1978.
Rehearing Denied May 23, 1978.
*44 William R. Scherer and Nancy Little Hoffman of Druck, Grimmett, Norman, Weaver & Scherer, Ft. Lauderdale, for appellants.
Gerald Mager, Hollywood, and Howard L. Conklin of Tripp & Niles, Ft. Lauderdale, for appellee Roslyn Silverstein.
Martin J. Sperry of Carey, Dwyer, Cole, Selwood & Bernard, Ft. Lauderdale, for appellee Hartford Acc. & Indem. Co. and Arnold V. Fedele.
MOORE, Judge.
This appeal is from a final judgment in favor of plaintiffs in a wrongful death action arising out of an automobile accident.
We have considered all of appellants' points on appeal and find only one to have merit. Appellants contend that it was error for the trial court to exclude a proffered testimony of their expert witness, Dr. Fogarty, an engineer. Dr. Fogarty's testimony would have related to the reaction time of the truck-driver defendant, the point of impact, the angle of impact, the speed of the vehicles involved in the accident and other related issues. The testimony of the numerous eyewitnesses to the accident was contradictory and the hypothetical questions posed to Dr. Fogarty were based upon facts and inferences derived from the testimony of some of those witnesses. The trial court, relying on Allen Morris Co. v. McNally, 305 So.2d 79 (Fla. 3d DCA 1974), refused to permit Dr. Fogarty to testify because the testimony was "neither necessary or advisable as an aid to the jury."
We hold that the trial court abused its discretion by refusing to permit Dr. Fogarty to testify. A trial judge has the duty to determine whether an expert witness' testimony will assist the jury, and when such testimony relates to matters within the common understanding or experience of an average person, a trial judge can properly conclude that the jurors can resolve the issue without the benefit of such expert testimony. Atlantic Coast Line Railroad Co. v. Shouse, 83 Fla. 156, 91 So. 90 (1922). Similarly, when the expert's testimony will merely reiterate what eyewitnesses have stated such testimony is unnecessary. Allen Morris Co., supra.
In Allen Morris Co., supra, several eyewitnesses testified regarding the speed of the plaintiff's vehicle and the expert witness was going to give similar testimony as to the speed of the vehicle. The appellate court determined that there was no abuse of discretion on the part of the trial court by excluding such expert testimony, particularly when the expert's testimony would have been based on scanty hypothetical facts. The subject matter of Dr. Fogarty's testimony in the instant case would have gone far beyond what the eyewitnesses had previously testified to, and his testimony was not limited to the speed of the vehicles. Such testimony would have served a particularly useful purpose in the light of the contradictory versions of the accident presented by the various eyewitnesses. Furthermore, the proffered hypotheticals were not based upon scanty hypothetical facts. The Allen Morris Co. case is, therefore, distinguishable and the exclusion of Dr. Fogarty's testimony constituted prejudicial error.
We have considered the remaining points raised on appeal and determine them to be without merit. In view of our holding above, the instant case is REVERSED and REMANDED for a new trial.
REVERSED and REMANDED.
CROSS, J., concurs.
ALDERMAN, C.J., dissents with opinion.
ALDERMAN, Chief Judge, dissenting:
Although I do not think it would have been reversible error if the trial court had admitted Dr. Fogarty's testimony, its failure to do so, in my opinion, was not such a gross abuse of discretion as to require a new trial. I would affirm.