DAUKSCH, Judge.
This is an appeal from a summary judgment in a contract and negligence action. We reverse.
It is alleged and there is evidence to support the fact that Arthur was hired to design and, to a limited extent, supervise the construction of a building for Dr. Far-rar. Dr. Farrar and his expert witness testified by affidavit and deposition that the building was not constructed in accordance with the plans and that defects caused leaks and gave rise to other claims for damages. Dr. Farrar says that if architect Arthur had correctly supervised construction of the building then it would have been built in accordance with the plans and no defects and resultant injuries would have occurred. Arthur says that because Dr. Farrar’s expert said he had “no criticism” of his work he is entitled to a summary judgment. However, the expert said he was not hired to determine whether the architect was at fault and that he did not “... have enough information to render an opinion concerning whether or not the services rendered by Mr. Arthur ... contributed in any way to the leaks ...” Arthur presented no expert or other evidence, other than his own statement, to refute the statements of Dr. Farrar and his witness.
There are disputed issues of material fact to be resolved so summary judgment was improper. Holl v. Talcott, 191 So.2d 40 (Fla.1966). There is evidence that the building was not built in accordance with the plans and specifications, that Arthur had a duty to assure that the building was built according to the plans, that he breached that duty and that Farrar suffered injury. The disputed evidence must be resolved by trial.
REVERSED and REMANDED.
SHARP, C.J., and COBB, J., concur.