SHARP, Judge.
Elizabeth Bravo and her husband appeal from a final summary judgment entered against them in a personal injury lawsuit arising out of an automobile accident. Bravo was driving northbound on Markham Woods Road in Seminole County, a two-lane road, when her car collided with a southbound vehicle driven by Lisa Dixon, the defendant in the lawsuit below. Because we think the record presents material issues as to how, where, and in what manner the automobiles came to their collision point, we reverse. Farrar v. Arthur, 544 So.2d 1170 (Fla. 5th DCA 1989); Singleton v. Ranz, 534 So.2d 847 (Fla. 5th DCA 1988), rev. denied, 542 So.2d 1332 (Fla.1989); Pylser v. Hados, 388 So.2d 1284 (Fla. 3d DCA 1980).
The trial judge ruled there was no issue as to Dixon’s liability for Bravo’s injuries because Dixon’s affidavit and the investigating police officer’s (Trooper Davis) deposition establish without contradiction that Bravo crossed the center-line of the road and struck Dixon’s car head-on, without giving Dixon a chance to take any evasive action. Bravo, who was severely injured in the accident, was unable to recall anything about how the collision occurred. There were no eyewitnesses other than Dixon, and debris from both cars was in both lanes.
*799 However, an expert witness for the Bravos' (Paul Halyard) testified in his deposition that from his observation of the crash damage done to both cars, and facts set forth in the police report, the accident could not have happened the way Dixon claimed. He opined that Dixon crossed the center-line to strike Bravo in the northbound lane. Pictures of the cars were placed in the record and the pattern of damage[1] visible from the pictures lends support to Halyard’s theory, which is at least sufficient create a material fact issue as to liability and comparative negligence. Lindquist v. Boyd, 473 So.2d 22 (Fla. 3d DCA 1985); Hosbein v. Silverstein, 358 So.2d 43 (Fla. 4th DCA), cert. denied, 365 So.2d 714 (Fla. 1978).
Further, Trooper Davis admitted his report was less than conclusive, as it was done in bad weather conditions, and after considerable traffic had passed through the collision site. His recollection' of whether Dixon’s car ended up north or south of his claimed point of impact was also shown to be inconsistent with his sketch made at the time of the accident. One version, he admitted, would support Halyard’s view.
REVERSED and REMANDED.
GOSHORN, J., and ORFINGER, M., Associate Judge, concur.

. Dixon’s car suffered massive front-end damage, and little along the driver's or the leftside of the vehicle. Bravo's car was only damaged along the front left quarter, commencing from the front wheel to just past the driver’s door.