DAUKSCH, Judge.
This is an appeal from entry of a final summary judgment in favor of appellees, Orlando Regional Aviation Authority and Eastern Airlines.
A party moving for summary judgment must “show conclusively the absence of any genuine issue of material fact” and that he is entitled to judgment as a matter of law. Wills v. Sears, Roebuck & Co., 351 So.2d 29, 30 (Fla.1977) [emphasis in original]. The movant’s burden is even more onerous in negligence actions where summary judgment procedures historically have been employed with special care. Holl v. Talcott, 191 So.2d 40 (Fla.1966). “Unless a movant can show unequivocally that there was no negligence, or that plaintiff’s negligence was the sole proximate cause of the injury, courts will not be disposed to granting a summary judgment.” Wills, 351 So.2d at 31.
Appellant Henley was standing in a curbside baggage check-in line outside the terminal at Orlando Regional Aviation Authority on October 1, 1986. She apparently stepped backwards when the baggage handler came to pick up her bags and fell over another passenger’s box. Because we think the record presents material issues as to who employed the baggage handler and whether he was negligent, we reverse and remand for further proceedings. See Bravo v. Chapkis, 549 So.2d 798 (Fla. 5th DCA 1989); Farrar v. Arthur, 544 So.2d 1170 (Fla. 5th DCA 1989).
REVERSED and REMANDED.
GOSHORN and GRIFFIN, JJ., concur.