PER CURIAM.
The state seeks certiorari review of a circuit court order entered in the ongoing criminal prosecution of respondent David Nemeth. We find that the order constitutes a departure from the essential requirements of law which materially affects the state’s ability to go forward with the prosecution. See State v. Pettis, 520 So.2d 250 (Fla.1988). Accordingly, we grant the petition.
Nemeth is charged with dealing in stolen property. The affidavit complaint alleges that on September 29, 1989, he sold seven boxes of aluminum panels belonging to the Racetrack Oil Company “under circumstances that would induce a reasonable man to know that the property was stolen.” A principal state’s witness is William Roberson, who was employed by Racetrack Oil at the time of the incident. On deposition Mr. Roberson stated that he reported the aluminum stolen “within a day or two” of its disappearance. The theft was reported October 6. This at least suggests that the crime could not have occurred on the date specified in the bill of particulars.
In view of this discrepancy, Nemeth apparently considered a motion in limine to limit or preclude Roberson’s testimony. By the scheduled hearing time, however, the witness apparently had reconsidered his earlier testimony and was willing to state that the aluminum could have been stolen “a week or two” before it was discovered. As a result of this concession, Nemeth indicated he would abandon the motion in limine, preferring to impeach the witness on the basis of his deposition. Nevertheless, the trial court granted the motion, thereby precluding the state from “presenting the testimony of William Robertson [sic] as it relates to the ownership of [the] property sold by the defendant between September 22, 1989, and September 28, 1989.”
*629 This decision, which is tantamount to excluding the witness or striking his testimony, is not supported by the facts of this case. Such a harsh sanction should be reserved for instances of extreme misconduct not remediable by other, less drastic means. See LoBue v. Travelers Ins. Co., 388 So.2d 1349 (Fla. 4th DCA 1980), rev. denied, 397 So.2d 777 (Fla.1981). Where a witness is competent to testify, and the defendant is fully afforded the right of confrontation, the testimony of that witness should not be stricken even where shown to be unreliable or inaccurate. Carter v. State, 68 Fla. 143, 66 So. 1000 (1914); United States v. Prieto, 505 F.2d 8 (5th Cir.1974). Perhaps a different result would be required upon proof of deliberate prosecutorial suppression or some other form of tampering; see Castillo v. United States, 409 F.2d 762 (5th Cir.1969); but whatever the source of Mr. Roberson’s apparent memory lapse, the weight to be given his testimony should be the sole province of the trier of fact. Staggers v. State, 258 So.2d 461 (Fla. 1st DCA 1972).
The petition for writ of certiorari is granted, the order granting Nemeth’s motion in limine is quashed, and this case is remanded to the circuit court for further proceedings consistent with this opinion.
SCHEB, A.C.J., and HALL and ALTENBERND, JJ., concur.