702 So.2d 1369 (1997)
James MARCHINA, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3659.
District Court of Appeal of Florida, First District.
December 30, 1997.
Nancy A. Daniels, Public Defender, and Phil Patterson, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and J. Ray Poole, Assistant Attorney General, Tallahassee, for Appellee.
ALLEN, Judge.
The appellant challenges convictions obtained after the state elicited testimony regarding the nature of other pending charges. We conclude that under section 90.403, Florida Statutes, this testimony should not have been received into evidence as its probative value was outweighed by the danger of unfair prejudice.
The appellant was tried upon an information charging sexual batteries upon a young boy, and the state introduced evidence that the appellant had left town in the evening after the alleged offenses. On direct examination the appellant acknowledged leaving the area, explaining that he had been advised that a young girl was raped in the trailer park where he lived and that when he saw two police cars in front of his residence he "thought it was going to be the same stuff" because he "had trouble with them about two months before this...." The appellant indicated that the prior trouble was an arrest and pending case on unrelated charges.
On cross-examination the prosecutor expressed a desire to question the appellant regarding these other pending charges. The appellant's counsel argued that this inquiry should be precluded under section 90.403 due to the prejudice which would ensue. The court allowed the prosecutor to inquire as to the other charges, and upon such questioning the appellant revealed that the charges "involved little girls."
In allowing this line of questioning the court suggested that the appellant had invited the inquiry by referring to the other charges when testifying on direct examination. However, section 90.403 precludes evidence, even though it may be relevant, if its probative value is substantially outweighed by the danger of unfair prejudice. See State v. McClain, 525 So.2d 420 (Fla.1988). This contemplates a balancing test with the probative value for the party offering the evidence being weighed against the danger of unfair prejudice to the party opposing the evidence.
The contested testimony in the present case could have very little legitimate probative value for the prosecution. Even if the testimony might provide some support for the appellant's explanation as to why he fled after seeing the police at his residence, this is not of probative value for the prosecution as it favors the defense. And while it tends to reflect bad character or propensity, such proof is precluded under section 90.404(2)(a), Florida Statutes. During closing argument the prosecutor nevertheless emphasized this improper use of the testimony, thereby highlighting the danger of unfair prejudice. Because the testimony was used for an impermissible purpose, and any legitimate probative value for the prosecution was clearly and substantially outweighed by the danger *1370 of unfair prejudice, the testimony should have been excluded under section 90.403.
The appellant's convictions are reversed and the case is remanded.
MINER and MICKLE, JJ., concur.