PLEUS, J.
The State seeks certiorari review of an interlocutory order entered in the grand theft prosecution of Kerry Dreggors. Dreggors is charged with grand theft based on her alleged actions in a workers’ compensation claim. Barney Dreggors, Kerry’s husband, injured his head in an accident at work and was awarded disability payments and attendant care benefits. The State alleges that the attendant care reimbursement was based on false representations by Kerry Dreggors who testified that a tenant on her property, Louise Rothstein, provided assistance to Barney Dreggors with his daily activities in return for abatement of rental payments. Ms. Rothstein later disputed the testimony that she had provided assistance to Dreg-gors’ husband.
*172 In this criminal prosecution for theft, Dreggors filed a motion to exclude reference to the testimony and judgments in the workers’ compensation proceedings. The trial court granted Dreggors’ motion to exclude, and ruled that the State could not introduce the content of the workers’ compensation judgments or any testimony provided in those proceedings. The court qualified its ruling by allowing the State to introduce the prior testimony of Dreggors for purposes of impeachment.
The State asserts that the trial court erred in granting the blanket exclusion of all prior testimony from its case-in-chief. It argues Mrs. Dreggors’ testimony in the workers’ compensation proceedings could be relevant to the issue of whether a grand theft was committed by fraud. Her prior testimony is not necessarily hearsay because it would not be offered to prove the truth of the matters asserted by Kerry Dreggors. To the contrary, the State seeks to prove the falsity of her testimony. Even if the prior testimony is considered hearsay, it could be admitted under section 90.803(18)(a), Florida Statutes (2001), as an admission of a party opponent.[1] Such pri- or testimony may provide evidence from which guilt may be inferred when such testimony is analyzed ’ in the context of other admissible evidence such as Ms. Rothstein’s conflicting testimony.
We grant certiorari because the state prosecution would be significantly impaired if the prior testimony is excluded. See State v. Pettis, 520 So.2d 250 (Fla.1988). More importantly, the State has no adequate remedy on appeal if the improperly excluded evidence results in an acquittal.
Assuming that Ms. Rothstein is available as the State’s primary witness, she might be able to testify as to relevant statements made to her by Dreggors. Ms. Rothstein apparently has stated under oath that both Barney and Kerry Dreggors tried on several occasions to convince her that she did provide attendant care and tried to get her to endorse a check issued by the insurance carrier.
At trial, the trial judge may accept Dreggors’ argument that in fairness to the defense, the entire record of the workers’ compensation proceedings would have to be placed into evidence. This, in turn, may lead the court to conclude that in the interests of avoiding confusion of the issues, or the needless presentation of irrelevant or cumulative evidence, the State should rely on other evidence to prove the crime. See § 90.403, Fla. Stat. (2001). We concede that admitting all the transcripts of the prior proceedings might unnecessarily complicate the criminal prosecution far beyond any advantage the State might obtain. Admission of such evidence thus becomes a matter of discretion for the trial judge.
It may be, at trial, that only limited portions of Dreggors’ prior civil testimony are relevant to the State’s case. If those portions can be extracted and read to the jury in a manner that is fair to the defendant, such that they do not provide an incomplete view of defendant’s prior testimony or otherwise take the testimony out of context,[2] admission would be in the discretion of the trial court.
*173 In summary, the trial court erred by entering an overbroad order excluding in the State’s case-in-ehief all testimony admitted in the prior workers’ compensation proceedings.
PETITION GRANTED.
GRIFFIN and ORFINGER, R.B., JJ., concur.

. An admission of a party opponent does not have to be a statement that is against his or her own interests. See State v. Elkin, 595 So.2d 119 (Fla. 3d DCA 1992).

. We also note that the order under review is vague as to the restricted use of prior testimony for purposes of impeachment. The order states, "The State of Florida may introduce prior testimony of Kerry Dreggors and of those proceedings, only for purposes of impeachment.” If this is interpreted as allowing only Ms. Dreggors’s prior testimony to be *173 used for impeachment, it is an unwarranted limitation on the general rule of impeachment. See § 90.801(2), Fla. Stat. (2001). If other witnesses testify at the criminal trial, and they made prior inconsistent statements in the workers’ compensation proceedings, then we are confident the trial court would permit their prior testimony to be admitted for purposes of impeachment as well.