855 So.2d 157 (2003)
STATE of Florida, Petitioner,
v.
Raymond GERRY, Respondent.
No. 5D02-3669.
District Court of Appeal of Florida, Fifth District.
August 22, 2003.
Rehearing Denied October 1, 2003.
*158 Charles J. Crist, Jr., Attorney General, Tallahassee, and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, for Petitioner.
James B. Gibson, Public Defender and Brynn Newton, Assistant Public Defender, Daytona Beach, for Respondent.
SAWAYA, C.J.
The State of Florida petitions this court for a writ of certiorari to quash a pretrial order rendered in a criminal case prohibiting one of the State's witnesses, a nurse practitioner with the Child Protection Team, from testifying at trial regarding her examination of three alleged victims of sexual abuse. We grant the petition and quash the order.
Raymond Gerry was charged with committing numerous sexual offenses against three children: Child I, a female (born 5/21/95), Child II, a male (born 6/19/97), and Child III, a male (born 4/2/00). With the exception of one sexual battery count stemming from the alleged digital penetration of Child I, the remaining counts arise from alleged instances of oral sexual activity (Gerry performing oral sex acts on Child I and Child III and having Child I perform oral sex acts on Gerry), lewd and lascivious molestations (Gerry touching the anal and genital areas of Child III and having Child I fondle Gerry), and lewd, lascivious or indecent acts (Gerry touching the genitals of Child II and having Child II touch Gerry's genitals). A nurse practitioner, Joanne Sanchez, conducted the physical and sexual abuse examinations of the three children and testified at a pretrial hearing about her qualifications and her findings.
Specifically, Sanchez testified that while the skin in Child I's genital area appeared red and irritated, there was no breakage of the skin and she saw no abnormalities regarding the hymen. However, she testified that in a large percentage of cases, there is no sign of trauma even if an object touches the hymen because the object does not have to necessarily proceed inside the vagina or through the hymen in order for penetration to occur. She explained that because the hymen is recessed, penetration can occur without any physical findings or abnormalities. No abnormal findings were observed as to Child II, nor did Sanchez expect to find any abnormalities *159 given the nature of the alleged abuse of this child. Sanchez did observe an abnormality in the anal area of Child III that was consistent with abuse.
Gerry filed a motion in limine to have the testimony of Sanchez excluded on several grounds. One of the grounds was that her testimony was unduly prejudicial. Accepting this argument, the trial court entered an order prohibiting the introduction of the medical testimony of Sanchez on the basis that "[t]he medical evidence from Nurse Practitioner Sanchez will not be admitted at trial because, pursuant to Fla. Stat. 90.403, the probative value of her medical testimony is substantially outweighed by the danger of unfair prejudice." The elimination of her medical testimony, as the trial court has done, eliminates her as a witness.
The State filed its petition for writ of certiorari requesting that this court quash the trial court's order excluding the testimony of Sanchez. Gerry argues that certiorari review is inappropriate to review the trial court's order. Moreover, asserts Gerry, even if certiorari is the appropriate vehicle to review the trial court's order, the State failed to show that the order is a departure from the essential requirements of the law. We disagree.
"[I]mportant to the fair administration of criminal justice in this state" is the ability of the state to petition the district courts of appeal for certiorari review of pretrial orders rendered in criminal cases. State v. Pettis, 520 So.2d 250, 253 (Fla. 1988). Entitlement to issuance of the writ depends on whether the state can show: 1) that the trial court's ruling violated a clearly established legal principle and 2) that the ruling resulted in material injustice. Id. at 254 (quoting Combs v. State, 436 So.2d 93, 96 (Fla.1983)); State v. Bradford, 658 So.2d 572 (Fla. 5th DCA 1995); see also State v. Cohens, 701 So.2d 362 (Fla. 2d DCA 1997). Specifically, when the state seeks certiorari review of the trial court's pretrial order excluding one of its witnesses from testifying at trial, certiorari review is appropriate because the state has no right to a direct appeal in the event the defendant is acquitted. See State v. Scheuschner, 829 So.2d 943 (Fla. 1st DCA 2002); State v. Brown, 782 So.2d 526 (Fla. 1st DCA 2001). Hence, in the instant case, the State properly challenges the trial court's order through a petition for writ of certiorari.
We next determine whether the trial court's ruling violates clearly established legal principles resulting in material injustice. The trial court excluded the testimony of Sanchez because it determined that her testimony, although relevant, was inadmissible because its probative value was substantially outweighed by the danger of unfair prejudice. "However, almost all evidence to be introduced by the state in a criminal prosecution will be prejudicial to a defendant. Only where the unfair prejudice substantially outweighs the probative value of the evidence should it be excluded." Amoros v. State, 531 So.2d 1256, 1260 (Fla.1988) (citation omitted); § 90.403, Fla. Stat. (2002) ("Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence."). The burden is on the party attempting to exclude the evidence to make that showing.
The unfair prejudice that section 90.403 attempts to eliminate relates to evidence that "`inflames the jury or appeals improperly to the jury's emotions.'" State v. McClain, 525 So.2d 420, 422 (Fla.1988) (quoting Charles W. Ehrhardt, Florida Evidence § 403.1 at 100-03 (2d ed.1984)); Walker v. State, 707 So.2d 300, 310 (Fla. 1997); State v. Tagner, 673 So.2d 57, 60 *160 (Fla. 4th DCA) ("Section 90.403 ... is directed at evidence which inflames the jury or appeals improperly to the jury's emotions.") (citation omitted), review denied, 677 So.2d 841 (Fla.1996). "Only when that unfair prejudice substantially outweighs the probative value of the evidence is the evidence excluded." Walker, 707 So.2d at 310 (quoting Ehrhardt, supra).
In order to make this determination, a balancing test must be utilized where the probative value for the party seeking to introduce the evidence is weighed against the danger of unfair prejudice to the party who objects to the introduction of the evidence. Walker; McClain; Marchina v. State, 702 So.2d 1369 (Fla. 1st DCA 1997). When applying this balancing test, appropriate considerations include "`the need for the evidence; the tendency of the evidence to suggest an improper basis to the jury for resolving the matter, e.g., an emotional basis; the chain of inference necessary to establish the material fact; and the effectiveness of a limiting instruction.'" McClain, 525 So.2d at 422 (quoting Ehrhardt, supra); see also Taylor v. State, 28 Fla. L. Weekly S439 (Fla. June 5, 2003); Mansfield v. State, 758 So.2d 636, 648 (Fla.2000), cert. denied, 532 U.S. 998, 121 S.Ct. 1663, 149 L.Ed.2d 644 (2001); Walker, 707 So.2d at 310; Steverson v. State, 695 So.2d 687 (Fla.1997). In accordance with the general rule that "[a]dmission of evidence is within the discretion of the trial court and will not be reversed unless there has been a clear abuse of that discretion,"[1] a trial court's ruling that determines whether evidence should be eliminated under section 90.403 is generally reviewed, like the admissibility of most other types of evidence, pursuant to the abuse of discretion standard. Mansfield, 758 So.2d at 648.
Our thorough review of the record in the instant case leads us to conclude that the trial court misapplied the appropriate standard in excluding the testimony of Sanchez, thereby violating the clearly established legal principles we have just discussed. We have reviewed the transcript of Sanchez's testimony in its entirety, and we conclude that it is not evidence that would inflame the jury or appeal to the jury's emotions. Examples of that type of evidence include testimony that a defendant was arrested in a high crime area, general behavior of drug dealers, racial slurs, traffic citations, a party's financial status, evidence of drug use and the criminal history of a defendant. Brown v. State, 719 So.2d 882 (Fla.1998). Evidence that would inflame the jurors or appeal to their emotions improperly implies that the defendant is guilty simply because he or she has a propensity to commit crimes or is a person of bad character. The medical testimony of Sanchez is not of that nature. Sanchez's testimony simply relates the observations she made, as a qualified nurse practitioner, when she conducted her examinations of the children. Sanchez does not render an opinion that Gerry sexually abused the children; rather, she states her findings based on her examination and personal observations of the children and explains why, given the specific charges brought against Gerry, physical trauma may not be present with regard to Child I and Child II. This is relevant evidence the State is entitled to present to the jury so that the jury may not be misled into believing that a conviction is inappropriate unless the State produces evidence of physical trauma to the victims. See Heuss *161 v. State, 660 So.2d 1052 (Fla. 4th DCA 1995) (involving a nurse who, after conducting examination of three children of alleged sexual abuse, testified as to her physical findings of trauma to one child and no findings of trauma to the other two children), approved, 687 So.2d 823 (Fla. 1996). We thus conclude that the trial court erred in finding this evidence unduly prejudicial under section 90.403.
Moreover, the State argues that Sanchez's testimony is necessary because the very young age of the children at the time of the alleged abuse renders the children incapable of making any allegations of abuse.[2] Moreover, the State argues convincingly that Gerry made the statement to his wife that he touched Child III twice with his fingers, but because Gerry did not specify the part of the child's body he touched, it is thus necessary to have the evidence of physical trauma presented to the jury by Sanchez to corroborate the wife's statement. Even Gerry's attorney admitted at the hearing that "the only evidence of any sexual abuse to [Child III's] anal area would be the testimony of Nurse Sanchez." Elimination of Sanchez as a witness may virtually eliminate the State's ability to prove that charge.
Furthermore, Gerry will have full opportunity to confront and cross-examine Sanchez regarding her examination and findings. It will then be up to the jury, after appropriate argument by counsel for both parties, to evaluate the testimony and give it whatever weight it deems appropriate. If any party has been unfairly prejudiced here, it is the State, because without Sanchez's testimony, its ability to prosecute this case against Gerry has been substantially impaired. We reject the suggestion made in the dissent that the State has not made this showing. The trial court's ruling virtually eliminates the State's witness who conducted the medical examination of the children after the alleged abuse and who can testify as to the physical findings as to each child. Moreover, elimination of Sanchez as a witness may essentially eliminate the State's ability to prove the charges of sexual abuse relating to at least one of the children. Quite frankly, if the trial court's ruling in the instant case does not significantly impair the State's ability to prosecute its case against Gerry, we have a very difficult time discerning what would.
"The right to call witnesses is one of the most important due process rights of a party and accordingly, the exclusion of the testimony of expert witnesses must be carefully considered and sparingly done." Pascual v. Dozier, 771 So.2d 552, 554 (Fla. 3d DCA 2000). This right applies to both the state and the defendant because each is entitled to a fair trial. Hence, the courts have carefully guarded the state's right to present relevant evidence and testimony through certiorari review of pretrial orders that attempt to exclude such evidence in trial proceedings. See Richardson v. State, 706 So.2d 1349 (Fla.1998) (approving a decision of the Fifth District Court of Appeal that granted certiorari quashing a pretrial order excluding Williams rule evidence); Scheuschner (granting certiorari and quashing an order prohibiting a witness for the state from testifying based on the trial court's belief that the testimony of the witness was unworthy of belief); State v. Johnston, 743 So.2d 22 (Fla. 2d DCA 1999) (issuing writ of certiorari quashing a trial court's order prohibiting the state from introducing victim impact evidence in the penalty phase *162 of a murder trial based on the trial court's finding that, pursuant to section 90.403, the probative value of the evidence was substantially outweighed by the prejudicial effect of the evidence); State v. Andres, 552 So.2d 1151, 1153 (Fla. 3d DCA 1989) (holding that the trial court abused its discretion in granting a pretrial motion to exclude a tape recording of an undercover drug deal pursuant to section 90.403 because, "[a]lthough the statements were detrimental to the defendant's case, they did not prejudice him unfairly.").
For example, in State v. Wells, 538 So.2d 1292 (Fla. 2d DCA 1989), the state sought a writ of certiorari to quash an order excluding evidence that included the deposition testimony of a state's witness taken to perpetuate that testimony. The trial court held that the testimony was inadmissible under section 90.403 because it was cumulative. Citing to Pettis, the district court quashed the trial court's order and held:
Section 90.403, Florida Statutes (1987) provides that "[r]elevant evidence is inadmissible if its probative value is substantially outweighed by ... the needless presentation of cumulative evidence." To characterize the testimony of a victim as cumulative, when the victim was wounded by a bullet alleged to be from Wells' gun in a case charging Wells with attempted homicide, defies logic. This witness is an important witness. The only other eyewitness to the alleged shooting was the second victim, Donnie Ray Allen. As a result of the trial court's ruling, the state would be prevented from adducing evidence of Mrs. Wells' statements to Wells at the time of the shooting. Furthermore, the state alleges that it anticipates that the defense will attempt to impeach Allen's credibility with evidence of the prior confrontations between Wells and Allen and of their dislike for each other. The introduction of the wife's testimony, which the state alleges will relate an account of the shooting consistent with Allen's account, would rebut such impeachment and strengthen the state's case.
538 So.2d at 1295. We also find instructive the court's decision in State v. Nemeth, 581 So.2d 627 (Fla. 2d DCA 1991). In that case, the trial court granted the defendant's motion in limine to exclude the testimony of a state witness on the grounds that because the witness had changed his testimony, his testimony was unworthy of belief. The state sought a writ of certiorari to quash that order. In granting the writ and quashing the trial court's order, the court stated:
This decision, which is tantamount to excluding the witness or striking his testimony, is not supported by the facts of this case.... Where a witness is competent to testify, and the defendant is fully afforded the right of confrontation, the testimony of that witness should not be stricken even where shown to be unreliable or inaccurate. Perhaps a different result would be required upon proof of deliberate prosecutorial suppression or some other form of tampering; but whatever the source of Mr. Roberson's apparent memory lapse, the weight to be given his testimony should be the sole province of the trier of fact.
581 So.2d at 629 (citations omitted).
Just as in the instant case, in Wells, Nemeth and some of the other decisions we have cited, the trial court erroneously exercised its discretion in excluding the testimony of a state's witness and in each case, the district court granted a writ of certiorari quashing the trial court's order of exclusion. Implicit in the decisions in Wells and Nemeth is the admonition that exclusion of relevant testimony of a witness *163 must be done with extreme caution. Because section 90.403 is a restatement of Rule 403, Federal Rules of Evidence,[3] the decisions of the federal courts applying the federal rule are considered instructive by, and persuasive on, the Florida courts.[4] We note with interest that the federal courts consistently agree that
the court's discretion to exclude evidence under Rule 403 is narrowly circumscribed. "Rule 403 is an extraordinary remedy which should be used only sparingly since it permits the trial court to exclude concededly probative evidence." United States v. Betancourt, 734 F.2d 750, 757 (11th Cir.), cert. denied, 469 U.S. 1076, 105 S.Ct. 574, 83 L.Ed.2d 514 (1984); accord United States v. Plotke, 725 F.2d 1303, 1308 (11th Cir.), cert. denied, 469 U.S. 843, 105 S.Ct. 151, 83 L.Ed.2d 89 (1984). The balance under the Rule, therefore, should be struck in favor of admissibility.
United States v. Norton, 867 F.2d 1354, 1361 (11th Cir.), cert. denied, 493 U.S. 871, 110 S.Ct. 200, 107 L.Ed.2d 154 (1989); see also United States v. Fallen, 256 F.3d 1082, 1091 (11th Cir.2001); United States v. Fortenberry, 971 F.2d 717, 721 (11th Cir.1992); United States v. Moore, 732 F.2d 983 (D.C.Cir.1984).
Contrary to what the dissent seems to imply, the discretion afforded a trial court regarding evidentiary matters is not so broad, and the standards that govern certiorari review of their pretrial orders are not so limited, that district courts of appeal are prevented from correcting erroneous evidentiary rulings that eliminate a witness from testifying. Otherwise, under the umbrella of discretion and the limits of certiorari review, it would be the trial courts, rather than the state, that choose what evidence the state may present to the trier of fact. This is not the role of the trial courts. "As a general matter, ... the State has a reasonable interest in presenting the case in its own way and providing the jury with evidentiary value and depth in establishing the elements of a charged crime." Brown, 719 So.2d at 887. The proper function of the trial courts is to correctly apply the rules of evidence and properly exercise their discretion in preventing the introduction at trial of unfairly prejudicial evidence that substantially outweighs its probative effect. Based on the facts and circumstances of this particular case, the trial court failed to properly exercise that judicial function and abused its discretion in eliminating Sanchez as a witness, thus depriving the State of its right to a fair trial.[5]
*164 To summarize, the State has shown that it needs to present Sanchez's testimony in order to properly prosecute its case against Gerry, and we do not believe that this evidence will evoke a particular emotional response from the jury or suggest to it any improper basis for its verdict. Gerry failed to meet his burden of establishing that the admission of Sanchez's testimony results in unfair prejudice that substantially outweighs its probative value.[6] Hence, the trial court's exclusion of Sanchez's testimony violated clearly established legal principles. The trial court's ruling results in material injustice because it substantially impairs the ability of the State to prosecute this case. Because the State is prohibited from appealing in the event Gerry is acquitted, certiorari review by this court is essential to correct the trial court's erroneous ruling.
Accordingly, we grant the petition for certiorari, quash the order under review, and remand to the trial court for further proceedings consistent with this opinion.
PETITION GRANTED; ORDER QUASHED; REMANDED for further proceedings.
PLEUS, J., concurs.
TORPY, J., dissents with opinion.
TORPY, J., dissenting.
To obtain certiorari relief the state must show that the lower court's ruling significantly impairs its ability to prosecute its case. Richardson v. State, 706 So.2d 1349, 1358 (Fla.1998); State v. Pettis, 520 So.2d 250 (Fla.1988); State v. Dreggors, 813 So.2d 170 (Fla. 5th DCA 2002); State v. Bradford, 658 So.2d 572, 573-574 (Fla. 5th DCA 1995). In its petition, the state acknowledges that this is its burden. The majority implicitly makes the same acknowledgment and concludes that the state has met its burden. I disagree and would deny the petition.
The ruling involved in this case is an order excluding one of the state's witnesses from testifying regarding the witness' examination of the three alleged sexual abuse victims. In dealing with the exclusion of evidence, "significant impairment" occurs when the excluded evidence is so essential to a successful prosecution that the failure to grant the relief will "effectively negate [the state's] ability to prosecute." Pettis, 520 So.2d at 253. Thus, only "highly prejudicial" trial error is subject to challenge using this extraordinary remedy. Richardson, 706 So.2d at 1358. Although circumstances might exist when "significant impairment" can be inferred from the nature of the excluded *165 evidence, such is not usually the case and is certainly not the case here.[1] Therefore, the state is obligated to proffer facts or point to record evidence from which we can reach this conclusion without speculation.
Here, the excluded testimony is that of a nurse practitioner, and in essence is as follows:
Regarding the witness' findings as they relate to the female victim, D. G.:
Q. During this examination, did you make findings?
A. Well, it's a couple of things I found. First of all her skin in her perineal, which was in her genital area was kind of red and irritated looking. But there was no breakage of the hymen, which is the opening in the vagina to see if there is any abnormal findings there.
Q. And before we talked about the hymen, you mentioned a redness area in her vaginal area. Is there anything significant about that as it relates to the allegations?
A. No, that can be a normal finding in a child of her age who soap and water or hygiene at this age is difficult. It's just the tissue is irritated.
As to the younger male victim, R.G. III, she described the "abnormality" as follows:
A. Normally around the anus or the anal opening, the skin folds are kind of folded, the whole area are skin folds. He had a flat smooth area. We look at it as a clock, and we say at five o'clock there was a flat smooth area.
Q. And what is that indicative of?
A. According to the literature, it's indicative of a normal finding which would be his normal variant or it can be a sign of sexual abuse.

As to the older male victim, the witness stated that the exam results were normal. The witness also opined that her findings were "consistent" with sexual abuse. However, this conclusion was based on the aforementioned facts and adds nothing to the probative value of her opinions, because even a normal physical finding would be "consistent with" the type of sexual abuse alleged here.
In its petition, the totality of the state's argument relative to the importance of the excluded evidence is contained in one sentence: "[G]erry had made a statement to his wife that he had touched [R.G., III] twice with his fingers, but did not say what part of the body he did that to, so it was important to have such testimony from [the witness] to corroborate the statement." My colleagues find this argument to be "convincing." I do not. I fail to see how inconclusive physical findings such as these can be said to corroborate this allegation. In fact, not only is the evidence inconclusive, it's not probative. And if the evidence is not probative for this or any other purpose, its exclusion can hardly be said to result in the significant impairment of the state's case.
Equally problematic for me is the fact that the state's petition is curiously devoid of any further proffer or argument calculated to meet its burden of showing substantial impairment. How are we to conclude that the lower court's decision "effectively negates [the state's] ability to prosecute" the defendant when we are left in the dark about the nature and extent of the other available evidence *166 against the defendant?[2] Quite frankly, if the state's case is effectively gutted by the exclusion of this evidence, I am left in doubt as to whether the state's case can ever be proven, even with this evidence. Surely, the state's case must be based upon more substantial evidence.
Even if I were to agree with the majority that the state met its burden of showing that its prosecution has been significantly impaired, I would still deny the petition because the state has not demonstrated that the trial judge abused his discretion by excluding the evidence. Although the exact reason given by the trial judge for excluding the evidence might not pass muster, valid reasons for excluding the evidence do exist. I would apply the "tipsy coachman" rule, therefore, and conclude that the trial judge was correct, albeit for the wrong reason. Robertson v. State, 829 So.2d 901 (Fla.2002).
Section 90.403, Florida Statutes, gives the trial judge broad discretion to exclude otherwise admissible evidence if the probative value of the evidence is substantially outweighed by the "danger of unfair prejudice, confusion of the issues, misleading the jury, or needless presentation of cumulative evidence." § 90.403, Fla. Stat. (2002); State v. McClain, 525 So.2d 420, 422 (Fla.1988) (trial court has "large measure of discretion" under 90.403); Pierce v. State, 718 So.2d 806 (Fla. 4th DCA 1997) (trial court has broad discretion under 90.403). This is an exercise that is "best performed by the trial judge who is present and best able [to make the comparison]," because the determination involves not only evaluating what the witness said but also how it is said. Sims v. Brown, 574 So.2d 131, 133 (Fla.1991). In performing this analysis it is the trial court's duty to:
[W]eigh the logical strength of the proffered evidence ... against the other facts in the record and balance it against the strength of the reason for exclusion. In undertaking this balancing, the trial judge may consider the need for the particular evidence, the availability of alternative means of proof and the likelihood that the jury will follow a limiting instruction by the court.
Charles W. Ehrhardt, Florida Evidence § 403.1 (2001 ed.) (emphasis added).
I do not think the trial judge abused his broad discretion here. The need for this evidence is debatable. Indeed, it will offer little to no assistance to the jury in its quest for the truth. Moreover, the trial judge might well have believed that there existed a real danger of jury confusion here, where a highly trained professional witness was to give the ambiguous opinion that the physical findings were "consistent with sexual abuse." Although innocuous enough to the trained ears of lawyers and judges, the trial judge could conclude, within the bounds of his discretion, that a jury might be misled by this opinion. Even if not properly excluded under section 90.403, the trial judge could have properly excluded it under section 90.702, Florida Statutes, by making the determination that it will not assist the trier of fact. Hosbein v. Silverstein, 358 So.2d 43, 44 (Fla. 4th DCA 1978) (trial judge has broad discretion to exclude expert testimony if he or she determines it will not assist the trier of fact).
Whether we as appellate judges would have reached the same conclusion is irrelevant. We should carefully avoid the temptation to substitute our judgment for that *167 of the trial judge, especially when it involves evidentiary rulings on matters such as this, where the legislature has conferred upon the trial judge the discretion to make the judgment call.
NOTES
[1] Ray v. State, 755 So.2d 604, 610 (Fla.2000) (citing Alston v. State, 723 So.2d 148 (Fla. 1999)).
[2] Child I was allegedly abused when the child was approximately 6½ years old; Child II was allegedly abused in the first year of his life; and Child III was allegedly abused in the first eighteen months of life.
[3] Brown, 719 So.2d at 885.
[4] When applying a Florida rule of evidence patterned after a federal rule of evidence, the Florida courts generally consider as persuasive decisions rendered by federal courts interpreting the federal rule. Ellis v. State, 622 So.2d 991 (Fla.1993); Moore v. State, 452 So.2d 559 (Fla.1984); First Union Nat'l Bank v. Turney, 824 So.2d 172 (Fla. 1st DCA 2001), review denied, 828 So.2d 385 (Fla.2002); Russell v. State, 614 So.2d 605 (Fla. 1st DCA 1993); Sikes v. Seaboard Coast Line R.R., 429 So.2d 1216 (Fla. 1st DCA 1983), petition for review denied, 487 So.2d 1118 (Fla. 1st DCA 1986).
[5] Having conceded that the trial court's decision to exclude Sanchez's testimony might be erroneous, the dissent argues for application of the tipsy coachman rule, suggesting that the evidence might be excluded under section 90.702 and other provisions of section 90.403, Florida Evidence Code. The only basis for excluding Sanchez's testimony presented by Gerry and considered by the trial court was unfair prejudice under section 90.403. Hence the State was never put on notice that the testimony might be excluded on the alternative grounds advanced by the dissent and has never had an opportunity to be heard on those issues. While the tipsy coachman rule may allow an appellate court to affirm an erroneous ruling on grounds not presented to the trial court, the Florida Supreme Court has limited application of the rule to instances where there is support in the record for the alternative theory or principle of law. Robertson v. State, 829 So.2d 901, 906-07 (Fla.2002) ("The key to the application of this doctrine of appellate efficiency is that there must have been support for the alternative theory or principle of law in the record before the trial court."); see also State Farm Fire & Cas. Co. v. Levine, 837 So.2d 363 (Fla.2002). Like the court in Robertson, which held that the tipsy coachman rule did not apply because the trial court failed to make the required determinations for admitting Williams rule evidence, the trial court in the instant case never engaged in the weighing process under section 90.403 to determine whether the evidence should be excluded under the alternative grounds advanced by the dissent. Furthermore, we fail to discern how the testimony of Sanchez could mislead the jury, confuse the issues or not be of assistance to the jury in resolving the issues.
[6] We note that Gerry will be entitled to argue that the absence of findings of physical trauma may be evidence that he did not sexually abuse the children. In the event that Gerry makes this argument, it will be up to the jury to evaluate the testimony and give it whatever weight it deems appropriate.
[1] For example, the exclusion of the victim's testimony in an assault case would give rise to a reasonable inference that the state's case is significantly impaired because "fear" must be proven. State v. Cecil, 533 So.2d 884, 886 (Fla. 3d DCA 1988).
[2] The majority assumes that the victims are too young to testify. This might be a fair assumption regarding the youngest victim but not the older two victims. In fact, the record reflects that the oldest victim gave a statement to investigators that implicated defendant.