[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16612
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cv-00191-WTH-PRL


DAVID CURTIS SMITH,

                                                        Petitioner - Appellant,

Versus


SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

                                                        Respondents - Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 8, 2018)

Before MARTIN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

David Curtis Smith, a Florida prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for writ of habeas corpus. Smith argues that the district court erred in rejecting his claim that the admission of a 911 recording at trial rendered his trial fundamentally unfair. He also argues that the district court erred in rejecting his claim that his counsel was ineffective for failing to object to an erroneous jury instruction that included an alternative theory of liability.

I.

We review a district court's denial of a § 2254 petition *de novo*. *Bester v. Warden*, 836 F.3d 1331, 1336 (11th Cir. 2016), *cert. denied*, 137 S. Ct. 819 (2017). In an appeal brought by an unsuccessful habeas petitioner, the scope of our review is limited to the issues specified in the certificate of appealability ("COA"). *Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that, after a state court has adjudicated a claim on the merits, a federal court may grant habeas relief only if the state court's decision was (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Thus, while review of the district court's decision is *de novo*, the review of the state habeas court's decision is with deference. *Reed v. Sec'y,*

2

*Fla. Dep't of Corr.*, 593 F.3d 1217, 1239 (11th Cir. 2010).  The AEDPA imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt.  *Renico v. Lett*, 559 U.S. 766, 773 (2010).  This standard is difficult for a habeas petitioner to meet.  *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the Supreme Court at the time the state court issues its decision.  *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010).  A decision is "contrary to" clearly established federal law if the state court either (1) applied a rule that contradicts the governing law set forth by the Supreme Court case law or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts.  *Id*.

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner.  *Brown v. Payton*, 544 U.S. 133, 141 (2005).  The "unreasonable application" inquiry requires that the state court decision be more than incorrect or erroneous – it must be "objectively unreasonable."  *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).  Even if the federal court concludes that the state court applied federal law incorrectly, relief is appropriate only if that application is

also objectively unreasonable. *Bell v. Cone*, 535 U.S. 685, 694 (2002). Petitioner must show that the state court's ruling was so lacking justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement. *White*, 134 S. Ct. at 1702.

Florida law permits the admission of relevant evidence unless the law provides otherwise. Fla. Stat. Ann. § 90.402. Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or needless presentation of cumulative evidence. *Id.* § 90.403. The unfair prejudice that section 90.403 attempts to eliminate relates to evidence that inflames the jury or appeals improperly to the jury's emotions. *State v. McClain*, 525 So. 2d 420, 422 (Fla. 1988). Only where the unfair prejudice substantially outweighs the probative value of the evidence should it be excluded. *Amoros v. State*, 531 So. 2d 1256, 1260 (Fla. 1988). The burden is on the party attempting to exclude the evidence to make that showing. *State v. Gerry*, 855 So. 2d 157, 159 (Fla. Dist. Ct. App. 2003).

Federal courts generally do not review a state court's admission of evidence in habeas corpus proceedings. *McCoy v. Newsome*, 953 F.2d 1252, 1265 (11th Cir. 1992). However, where a state court's ruling is claimed to have deprived a defendant of his right to due process, a federal court should inquire whether the error was of such magnitude that it denied fundamental fairness to the trial. *Baxter*

*v. Thomas*, 45 F.3d 1501, 1509 (11th Cir. 1995).  A denial of fundamental fairness occurs whenever the improper evidence is material in the sense of a crucial, critical, highly significant factor.  *Id.*  Evidence is not crucial, critical, or highly significant when other evidence of guilt is overwhelming.  *McCoy*, 953 F.2d at 1265.  Moreover, the court must defer to a state court's interpretation of its own rules of evidence and procedure.  *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985).

If a federal court determines that there has been a constitutional error, habeas relief still may not be warranted if the error was "harmless."  *Brecht v. Abrahamson*, 507 U.S. 619, 630 (1993).  An error is harmless on collateral review if it did not have a substantial or injurious effect or influence on the jury's verdict. *Id.* at 637.

Because the 911 tape provided probative evidence tending to rebut Smith's argument that the family was fabricating the claim that he sexually assaulted the child, it is not at all clear that it was error for the state court to admit it into evidence. Because the error, if there was one, is not clear, Smith cannot carry his burden of showing that the state court's decision was objectively unreasonable. Fla. Stat. Ann. § 90.403; *Amoros*, 531 So. 2d at 1260; *Gerry*, 855 So. 2d at 159. Moreover, even if the admission of the 911 recording was error, Smith did not show that the error had a substantial effect on the jury's verdict, or that it was of

5

such magnitude that it denied fundamental unfairness to his trial. *Brecht*, 507 U.S. at 637; *Baxter*, 45 F.3d at 1509. Given the weight of evidence against Smith[1], the inclusion of the 911 tape was not material in the sense of a "crucial, critical, highly significant factor." *Baxter*, 45 F.3d at 1509.

## II.

In *Strickland v. Washington*, the Supreme Court established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. 466 U.S. 668, 687 (1984). A petitioner must establish that counsel's performance was deficient, and that the deficient performance prejudiced the defense. *Id.*

Under the prejudice prong, petitioner's burden to demonstrate prejudice is high. *Wellington v. Moore*, 314 F.3d 1256, 1260 (11th Cir. 2002). Prejudice requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial. *Strickland*, 466 U.S. at 687. That is, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* The petitioner must show more than that the errors had some conceivable effect on

---

[1] Indeed, the evidence was overwhelming. Smith was found holding the naked and bleeding victim; a sexual assault examination concluded that the victim had been penetrated, and the victims DNA was found on Smith's shorts and underwear.

the outcome of the proceeding.  *Id.* at 693.  The petitioner must affirmatively prove prejudice by demonstrating that the unprofessional errors were so egregious as to render the trial unfair and the verdict suspect.  *Johnson v. Alabama*, 256 F.3d 1156, 1177 (11th Cir. 2001).  However, the petitioner need not show that counsel's conduct more likely than not altered the outcome in the case.  *Brownlee v. Haley*, 306 F.3d 1043, 1059-60 (11th Cir. 2002).

For an ineffective-assistance claim raised in a § 2254 petition, the inquiry turns upon whether the relevant state court decision was contrary to, or an unreasonable application of, *Strickland*.  *See Cullen v. Pinholster*, 563 U.S. 170, 189 (2011).  Because judicial review of a *Strickland* claim already must be "highly deferential," a federal habeas court's review of a state court decision denying a *Strickland* claim is "doubly deferential."  *Id.* at 190.  The question is whether the state court's determination under *Strickland* was reasonable.  *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

Here, the district court properly determined that the state post-conviction court's application of *Strickland* was reasonable, as Smith failed to meet his high burden to show that he was prejudiced by his counsel's failure to object to the erroneous jury instruction.

**AFFIRMED.**

7