IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE OF FLORIDA,

      Appellant,

 v.                                                        Case No.  5D21-3006
                                                          LT Case No. 2019-CF-001451

OSCAR TRINIDAD,

      Appellee.

_____/

Opinion filed October 28, 2022

Appeal from the Circuit Court
for Osceola County,
Mikaela Nix-Walker, Judge.

Ashley Moody, Attorney General,
Tallahassee, and Kaylee D. Tatman,
Assistant Attorney General, Daytona
Beach, for Appellant.

William R. Ponall, of Ponall Law,
Maitland, for Appellee.


SASSO, J.

The State appeals the trial court's decision to grant Oscar Trinidad's ("Appellee") motion to suppress an audio recording from evidence in his pending criminal trial. On appeal the State argues that the trial court erred by concluding that the probative value of the suppressed evidence would be outweighed by the danger of unfair prejudice. For the following reasons, we agree and reverse.

On April 21, 2019, Appellee was arrested following allegations of sexual abuse. Earlier that day, the alleged victim, who was between the ages of eleven and seventeen when the offenses allegedly occurred, had used her iPhone to record audio of a conversation between herself and Appellee, which she recorded without notifying or obtaining Appellee's consent. The recording was transcribed as follows:

> [Appellee]: You know, I could go, I could go to jail for the rest of my life.
> [Victim]: Ok, but…
> [Appellee]: Inaudible…Are you telling her?
> [Victim]: Well, she's my friend, she's like the only one who actually helps me.
> [Appellee]: Oh, so you gonna [sic] call the cops on me now?
> [Victim]: We're not calling the cops on you, you need to calm down, we're not calling the cops on you.
> [Appellee]: Yea you told me that. You know something, it's not my fault too, it's your fault too.
> [Victim]: How is it my fault?
> [Appellee]: Because you're always get naked and… inaudible,,, too!
> [Victim]: That's not my fault! I'm not, I'm not getting naked! Naked, getting naked where?

[Appellee]: And, And… Come on [Victim].

[Victim]: I never, no, I don't

[Appellee]: Don't say it was just just me. Because… Don't say it was just me!

[Victim]: What!? No!

[Appellee]: Yes. Don't, don't, don't play innocent.

[Victim]: Really! I'm not doing anything wrong!

[Appellee]: Ahh Ok. No? What, you don't come to my bed too sometimes?

[Victim]: No, I don't! No, I don't!

[Appellee]: No? Come on [Victim]. Get up. I'll leave, I'll leave and then don't say your mother, your mother is going to have a fit! And…

[Victim]: Ok well, she's gonna [sic] have a fit because she needs to know!

[Appellee]: Inaudible… To know what!?

[Victim]: Whispering Ohh my god [sic]!

[Appellee:] What you doing now?

[Victim]: I'm on Instagram.

[Appellee]: I'm gonna [sic] leave. I'm gonna [sic] leave. That… That… Get up! Put your phone down! Got to talk to you! Inaudible… That's why you gonna [sic] record your mother too… inaudible… you wanna [sic] get your mother in trouble too?

[Victim]: No I'm gonna [sic] record the conversation because she never does anything, every single time I call her.

[Appellee]: Put the phone.

[Victim]: Cause every single time I tell her she never, she never pays attention…

[Appellee]: Turn it off. Turn it off.

Appellee was ultimately charged with one count of lewd or lascivious molestation on a victim less than twelve; six counts of lewd or lascivious molestation; one count of lewd or lascivious conduct; six counts of sexual activity with a child; one count of showing obscene material to a minor; and

3

one count of battery upon a child by throwing, projecting, or expelling certain fluids.

On October 6, 2021, Appellee filed a pretrial motion to suppress the audio recording. Appellee argued in the motion, inter alia, that: (1) the recording was an illegal intercepted communication under chapter 934, Florida Statutes (2020), and therefore inadmissible; (2) the contents of the recording were legally irrelevant; and (3) its probative value would be substantially outweighed by the danger of unfair prejudice to Appellee.

On November 1, 2021, the trial court held a hearing on Appellee's amended motion to suppress. The State relied on section 934.03(2)(k), Florida Statutes, arguing that the recording was legally obtained pursuant to an exception to Florida's general prohibition against interception of oral communications, and that it was legally relevant. After hearing testimony and argument of counsel, the trial court granted the motion to suppress. In its oral ruling, the trial court explained that the recording may be found relevant "in some ways," but the evidence would confuse a jury, due in part to the inaudibility of some of its content, and that the prejudice would outweigh the value of the evidence.

ANALYSIS

The State argues that the trial court abused its discretion in finding that the April 21, 2019 recording was inadmissible under section 90.403 and in granting Appellee's motion to suppress. In considering rulings on a motion to suppress, "an appellate court reviews legal conclusions using a *de novo* standard, but generally defers to the factual findings of a trial court." *Ferryman v. State*, 919 So. 2d 710, 712 (Fla. 5th DCA 2006).

As an initial matter, we agree with the State that the recorded audio constitutes relevant evidence. *See, e.g.*, *State v. Morgan*, 171 So. 3d 210, 213 (Fla. 2d DCA 2015) ("Partially inaudible or unintelligible audio recordings are not per se inadmissible. Instead, [their] admissibility . . . is 'guided by the principle that an audio [recording] should be admitted into evidence unless the condition of the recording degrades its usefulness to such an extent that it makes the evidence misleading or irrelevant.'" (second alteration in original) (citations omitted)); *State v. Elkin*, 595 So. 2d 119, 120 (Fla. 3d DCA 1992) ("For a statement to constitute an admission, it need not, in and of itself, speak directly to guilt. It may be a statement from which guilt can be inferred when the statement is analyzed in the context of other admissible evidence."). As a result, the issue becomes whether the trial court abused its

discretion in determining that the probative value of the audio recording is substantially outweighed by unfair prejudice to Appellee.

Section 90.403, Florida Statutes (2021), states that evidence that is relevant may nonetheless be inadmissible "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence." As this Court explained in *State v. Gerry*, 855 So. 2d 157 (Fla. 5th DCA 2003), "[t]he unfair prejudice that section 90.403 attempts to eliminate relates to evidence that 'inflames the jury or appeals improperly to the jury's emotions.'" *Id.* at 159 (citation omitted). This type of "improper" evidence has been characterized as evidence that "improperly implies that the defendant is guilty simply because he or she has a propensity to commit crimes or is a person of bad character." *Id*. at 160. Separately, the "confusion" to which 90.403 refers is confusion of the issues. Evidence may fall into that category if the evidence distracts jurors from the central issues of the trial in the case in which the defendant is charged. *See McLean v. State*, 934 So. 2d 1248, 1262 (Fla. 2006).

Here, the trial court found that the probative value of the recording would be outweighed by "some prejudice" and that it would "confuse a jury." Nowhere, though, did the trial court conclude or suggest that the audio

6

recording is the type of evidence that would improperly inflame the jury or improperly appeal to the jury's emotions. Instead, the trial court appeared to conclude that because the audio recording contained neither a definitive confession nor an overt reference to molestation or intercourse it may confuse the jury. But the lack of these explicit references would neither improperly inflame the jury, nor would it distract the jury from the issues in the case merely because the evidence requires inference. To the contrary, the statements are evidence from which guilt as to the charged crimes may be inferred. As a result, we conclude the trial court abused its discretion in concluding the audio recording was inadmissible pursuant to section 90.403. *See McDuffie v. State*, 970 So. 2d 312, 326 (Fla. 2007) (holding that trial court "abuses its discretion if its ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence").

Finally, Appellee argues that even if this Court finds the trial court's reasoning in granting his motion to suppress to be erroneous, it should still affirm under the tipsy coachman doctrine because the recording was inadmissible as an illegally intercepted oral communication. Appellee cites *McDade v. State*, 154 So. 3d 292 (Fla. 2014), to support his argument that the recording should be excluded pursuant to section 934.03, Florida

7

Statutes (2021), and section 934.06, Florida Statutes (2021).[1] However, *McDade* analyzed the 2010 version of section 934.03. The statute was amended in 2015 and now provides that it is lawful for a child under 18 years of age to intercept and record an oral communication if:

> the child is a party to the communication and has reasonable grounds to believe that recording the communication will capture a statement by another party to the communication that the other party intends to commit, is committing, or has committed an unlawful sexual act or an unlawful act of physical force or violence against the child.

§ 934.03(2)(k), Fla. Stat. (2021). As the State argues, that exception applies here. Therefore, because the recording may be properly admitted under section 934.06 as an exception to the general prohibition of intercepting oral communications of section 934.03(1), we reject Appellee's tipsy coachman argument.

For the foregoing reasons, we conclude the trial court erred in granting Appellee's motion to suppress. We therefore reverse the order and remand for additional proceedings.

---

[1] Section 934.06, Florida Statutes (2021), provides in relevant part:

> "Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court . . . if the disclosure of that information would be in violation of this chapter."

REVERSED and REMANDED.

NARDELLA and WOZNIAK, JJ., concur.