PER CURIAM.
The State of Florida petitions this court for a writ of certiorari challenging the trial court’s order in a capital murder prosecution which precludes, in the event of a conviction for first-degree murder, the State from presenting to the jury during the penalty phase of the trial any victim impact evidence authorized by section 921.141(7), Florida Statutes (1995).
Our supreme court has approved the admission of victim impact evidence to a jury during the penalty phase in capital prosecutions. See Windom v. State, 656 So.2d 432, 438 (Fla.1995). See also Burns v. State, 699 So.2d 646, 654 (Fla.1997). The statute sets limits on the content of victim impact evidence by prohibiting characterizations and opinions about the crime, the defendant, and the suitable sentence, and trial judges must scrupulously examine the probative and prejudicial value of this evidence before permitting its introduction. In the case before us, the trial court determined that victim impact evidence is itself so inherently prejudicial that it has barred the State from presenting it to the jury in any form without any proffer by the State of its content; in its order the trial court allowed that, following a jury’s recommendation in the penalty phase, it would entertain any victim impact evidence the State chose to present exclusively to the court.
The issue raised by the trial court’s interlocutory order is peculiarly unique to a capital case and the imposition of the death penalty; as such it is appropriate to defer its resolution to the Florida Supreme Court. See State v. Hootman, 697 So.2d 1259 (Fla. 2d DCA 1997)(analyzing the appellate courts’ jurisdiction over capital prosecutions and the propriety of certifying questions of this nature to the supreme court).
Determination of the propriety of the trial court’s order will have a great effect on the proper administration of justice throughout this state, and, accordingly, we certify that it requires immediate resolution by the Florida Supreme Court pursuant to article V, section *1161 3(b)(5), of the Florida Constitution and Florida Rule of Appellate Procedure 9.125.
FULMER, A.C.J., and NORTHCUTT and CASANUEVA, JJ., concur.