743 So.2d 22 (1999)
STATE of Florida, Petitioner,
v.
Ray Lamar JOHNSTON, Respondent.
No. 98-01927.
District Court of Appeal of Florida, Second District.
March 12, 1999.
*23 Robert A. Butterworth, Attorney General, Tallahassee, and Robert J. Landry, Assistant Attorney General, Tampa, for Petitioner.
Julianne M. Holt, Public Defender, and John J. Skye, Assistant Public Defender, Tampa, for Respondent.
PER CURIAM.
The State of Florida seeks certiorari review of a pretrial court order that bars the jury's consideration, during the penalty phase of a death prosecution, of victim impact evidence authorized by section 921.141(7), Florida Statutes (1997), and approved by Burns v. State, 699 So.2d 646 (Fla.1997), and Windom v. State, 656 So.2d 432 (Fla.1995).[1] We have certiorari jurisdiction to consider the State's complaint that its ability to prosecute has been compromised by the trial court's limitation of the evidence it may present. See State v. Pettis, 520 So.2d 250 (Fla.1988); State v. Nemeth, 581 So.2d 627 (Fla. 2d DCA 1991). We grant the State's petition.
In his pretrial motion, Johnston moved the trial court to bar the admission of victim impact evidence during the State's presentation to the jury during the penalty phase of this prosecution, if it is reached, and argued successfully that this evidence should be considered only by the trial judge because its prejudicial effect outweighs its probative value. See § 90.403, Fla. Stat. (1997). The State does not argue that a trial judge is forbidden from applying this evidentiary rule to specific evidence of victim impact; instead, it contends that the trial court forewent an analysis of individual elements of this evidence and erroneously entered a blanket order forbidding its admission without regard to the character of the evidence the State intended to present to the jury.
Article I, section 16(b) of the Florida Constitution reads:
Victims of crime or their lawful representatives, including the next of kin of homicide victims, are entitled to the right to be informed, to be present, and to be heard when relevant, at all crucial stages of criminal proceedings, to the extent that these rights do not interfere with the constitutional rights of the accused.

*24 Section 921.141(7) Florida Statutes (1997), reads:
VICTIM IMPACT EVIDENCE.Once the prosecution has provided evidence of the existence of one or more aggravating circumstances as described in subsection (5), the prosecution may introduce, and subsequently argue, victim impact evidence. Such evidence shall be designed to demonstrate the victim's uniqueness as an individual human being and the resultant loss to the community's members by the victim's death. Characterizations and opinions about the crime, the defendant, and the appropriate sentence shall not be permitted as a part of victim impact evidence.
These provisions and the supreme court's discussion of them in Windom leave no doubt that, in the State of Florida, appropriate victim impact evidence is to be presented to the jury during the penalty phase of a capital prosecution. Johnston has pointed to no authority supporting a contrary view.
The trial court's order prohibiting the State from presenting any victim impact evidence to the jury contravenes the dictates of the laws governing such evidence and, thereby, constitutes a departure from the essential requirements of law from which the State may suffer irreparable injury. See Haines City Community Dev. v. Heggs, 658 So.2d 523, 525 (Fla.1995). Therefore, we grant the petition, quash the subject order, and direct the trial court to consider the admissibility of victim impact evidence in accordance with the requirements of article I, section 16(b), Florida Constitution; section 921.141(7), Florida Statutes (1997); and the Florida Evidence Code.
Certiorari granted and order of the trial court quashed.
FULMER, A.C.J., and NORTHCUTT and CASANUEVA, JJ., Concur.
NOTES
[1] In State v. Johnston, 712 So.2d 1160 (Fla. 2d DCA 1998), we certified that the issue raised in this proceeding required immediate resolution by the Florida Supreme Court pursuant to article V, section 3(b)(5) of the Florida Constitution and Florida Rule of Appellate Procedure 9.125. The supreme court granted jurisdiction, see State v. Johnston, 718 So.2d 171 (Fla.1998), and then dismissed the matter because of its intervening decision that held that these provisions of the constitution and the appellate rules apply only to appeals and that issues raised in original proceedings filed in the district courts may not be passed through by this mechanism. See State v. Matute-Chirinos, 713 So.2d 1006 (Fla.1998). This court accordingly reinstated this petition for review on its merits.