NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STATE OF FLORIDA,                    )
                                     )
         Petitioner,                 )
                                     )
v.                                   )          Case No.  2D19-508
                                     )
ROBERT LINCOLN,                      )
                                     )
         Respondent.                 )
_____    )

Opinion filed September 25, 2019.

Petition for Writ of Certiorari to the Circuit
Court for Highlands County; Peter F.
Estrada, Judge.

Ashley Moody, Attorney General,
Tallahassee, and Elba Caridad Martin,
Assistant Attorney General, Tampa, for
Petitioner.

Daniel K. Payne of Kemper Payne Law
P.A., Sebring, for Respondent.


SILBERMAN, Judge.

        The State seeks certiorari review of a pretrial order denying its request to

offer Williams[1] rule evidence in its prosecution against Robert Lincoln for lewd

molestation and child abuse.  We conclude that the circuit court departed from the

_____

        [1]Williams v. State, 110 So. 2d 654 (Fla. 1959).

essential requirements of the law by applying a standard that was abrogated by section 90.404(2)(b), Florida Statutes (2001). This would result in the State suffering irreparable injury by depriving the State of crucial evidence that would have corroborated the victim's testimony. Accordingly, we grant the petition.

**A.  The Williams rule before the enactment of section 90.404(2)(b)**

Under the Williams rule as established in 1959, "*[R]elevant* evidence will not be excluded *merely* because it relates to similar facts which point to the commission of a separate crime." McLean v. State, 934 So. 2d 1248, 1255 (Fla. 2006) (alteration in original) (quoting Williams v. State, 110 So. 2d 654, 659-60 (Fla. 1959)). However, similar fact evidence of a collateral crime is prejudicial because it creates the risk of a jury convicting the defendant based on his propensity to commit crimes instead of his guilt of the charged offense. Id. (citing Heuring v. State, 513 So. 2d 122, 124 (Fla. 1987)). Thus, similar crime evidence is generally subject to "a strict standard of relevance." Id. (quoting Heuring, 513 So. 2d at 124).

In cases where collateral crime evidence is relevant to establish the identity of the perpetrator, the supreme court has required " 'identifiable points of similarity' between the collateral act and charged crime that 'have some special character or be so unusual as to point to the defendant.' " Id. (quoting Drake v. State, 400 So. 2d 1217, 1219 (Fla. 1981)). " '[S]ubstantial similarity' is also required 'when the [collateral crime] evidence is sought to be admitted for the specific purpose of establishing absence of mistake or accident.' " Id. (alteration in original) (quoting Robertson v. State, 829 So. 2d 901, 909 (Fla. 2002)).

Of course, in considering the admissibility of collateral crime evidence under the Williams rule, courts must also determine whether "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence" as required by section 90.403. McLean, 934 So. 2d at 1256 (quoting § 90.403). "Thus, the similarity of the collateral act and charged offense goes to both the preliminary determination of relevancy and to the evidence's probative value." Id. at 1255.

In 1987, the supreme court held that in cases involving sexual battery within a familial setting, collateral crime evidence of a prior sexual battery within a familial setting is relevant to corroborate the victim's testimony. See id. at 1256-57 (citing Heuring, 513 So. 2d at 124). The Heuring court had discussed a relaxed standard of admissibility for collateral crime evidence in such cases. See id. at 1257.

In describing this relaxed standard of admissibility, the supreme court explained as follows:

> [W]hen the collateral sex crime and the charged offense both occur in the familial context, this constitutes a significant similarity for purposes of the Williams rule, but . . . these facts, standing alone, are insufficient to authorize admission of the collateral sex crime evidence. There must be some additional showing of similarity in order for the collateral sex crime evidence to be admissible. The additional showing of similarity will vary depending on the facts of the case and must be determined on a case-by-case basis. Thus, we do not eliminate the requirement of similarity which undergirds the Williams rule. However, the strict similarity in the nature of the offenses and the circumstances surrounding their commission which would be required in cases occurring outside the familial context is relaxed by virtue of the evidence proving that both crimes were committed in the familial context.

Id. at 1257-58 (emphasis added) (quoting Saffor v. State, 660 So. 2d 668, 672 (Fla. 1995)). In 1994, the court extended Heuring to allow for the admission of collateral crime evidence in sexual battery cases outside the familial context when there is no issue regarding the defendant's identity. Id. at 1257 (citing State v. Rawls, 649 So. 2d 1350, 1354 (Fla. 1994)). But it continued to apply the strict similarity requirement in nonfamilial sexual battery cases. Id.

The supreme court has summed up its case law in Heuring, Rawls, and Saffor as follows:

> In sum, under this Court's decisions, evidence of a collateral act of child molestation is relevant under the Williams rule to corroborate the victim's testimony in both familial and nonfamilial child molestation cases. We have relaxed the requirement for strict similarity between the charged and collateral offenses in the familial context, but there must be some similarity other than the fact that both offenses occurred in the family. We have not extended the relaxed standard of admissibility to nonfamilial cases. However, in both familial and nonfamilial cases, the required showing of similarity must be made on a case-by-case basis, and the collateral act evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice.

McLean, 934 So. 2d at 1258.

**B.  The effect of section 90.404(2)(b) on the Williams rule**

In 2001, the legislature enacted what is now section 90.404(2)(b), Florida Statutes (2001), to abrogate the supreme court's case law in Heuring, Rawls, and Saffor. McLean, 934 So. 2d at 1259. Section 90.404(2)(b)(1), Florida Statutes (2012), provides, "In a criminal case in which the defendant is charged with a crime involving child molestation, evidence of the defendant's commission of other crimes, wrongs, or

- 4 -

acts of child molestation is admissible and may be considered for its bearing on any matter to which it is relevant."

"Section 90.404(2)(b) broadly provides that evidence of the defendant's commission of other acts of child molestation is admissible regardless of whether the charged and collateral offenses occurred in the familial context or whether they share any similarity." McLean, 934 So. 2d at 1259. Instead, the threshold question for admissibility under this statute is relevancy. Id. But the evidence must still meet the requirement of section 90.403 that its probative value must not be "substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence." Id. (quoting § 90.403).

Thus, there is no longer a substantial similarity requirement in nonfamilial child molestation cases or a relaxed standard of admissibility in familial cases of child molestation. But the similarity of the collateral acts and charged offense must still be considered when making the determination of relevancy and the determination of the evidence's probative value. "First, the less similar the prior acts, the less relevant they are to the charged crime, and therefore the less likely they will be admissible. Second, the less similar the prior acts, the more likely that the probative value of this evidence will be 'substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence.' " Id. (quoting § 90.403).

The supreme court has set forth the steps a trial court must take when determining whether to admit collateral crime evidence under section 90.404(b)(2). See McLean, 934 So. 2d at 1262. Initially, the court must find that the State proved the

existence of the collateral acts by clear and convincing evidence.  Then the court should apply the section 90.403 balancing test to determine whether the probative value is substantially outweighed by the danger of unfair prejudice by considering

> (1) the similarity of the prior acts to the act charged regarding the location of where the acts occurred, the age and gender of the victims, and the manner in which the acts were committed; (2) the closeness in time of the prior acts to the act charged; (3) the frequency of the prior acts; and (4) the presence or lack of intervening circumstances.

Id.  The court may also consider other factors depending upon the particular circumstances of the case.  Id.

In addition to the above factors the court must determine whether the evidence will mislead or confuse the jury.  Id.  And the court should assess whether the evidence is unnecessarily cumulative of other credibility evidence.  If the evidence is admitted, the court must ensure that the evidence does not become a feature of the trial.  Further, if requested, the court must give the jury a cautionary instruction regarding the collateral crime evidence both at the time it is admitted and in the final jury charge.  Id.

## C.   The circuit court's Williams rule analysis

In this case, the victim told witnesses that when she was twelve years old Lincoln, who was her step-grandfather, started molesting her.  On the first occasion, Lincoln approached her in his above-ground swimming pool.  He put his hand inside her swimsuit bottoms and rubbed her vaginal area.  Over the following four years, Lincoln would offer the victim money if she permitted him to perform oral sex on her.  He would also take her through fast food drive-ins and make her expose her breasts to get the fast food from him.  Lincoln threatened to kill himself if the victim reported the abuse.

The State sought to admit collateral crime evidence of Lincoln's molestation of a family friend's child thirty-five years previously when she was twelve years old. K.C. testified that Lincoln molested her on about five occasions when the two were left alone on Lincoln's boat to go fishing. On these occasions, K.C. was wearing a swimsuit. Lincoln fondled her vaginal area underneath her swimsuit by inserting his finger into her vagina. He also slid off her bathing suit and fondled her breasts. Lincoln told K.C. not to tell anyone or he would deny the accusations and harm her family.

The circuit court denied the State's request to admit this collateral crime evidence under section 90.404(2)(b)(1) and McLean. First, the court concluded that the State proved the existence of the collateral crimes by clear and convincing evidence. Then citing to McLean and Rawls, the court applied "a 'relaxed' requirement for finding similarity of the collateral crime to the present charges" because the cases involved familial relationships.

The court concluded that the evidence was inadmissible because the two crimes "do not have enough significant common features to warrant its admissibility, even under the relaxed familial relationship standard." The court determined that the victims' ages were the only common feature between the offenses. The court explained that K.C. testified that Lincoln digitally penetrated her and fondled her breasts while the two were fishing. But the victim in this case alleged that Lincoln fondled her outside the vagina while the two were in the pool, made her show her breasts to get fast food, and paid her to receive oral sex.

D. **Analysis**

The State is entitled to certiorari relief from a pretrial ruling in a criminal case if it can establish that "the trial court's order 'constitutes a departure from the essential requirements of the law from which the State may suffer irreparable injury.' " State v. Richman, 861 So. 2d 1195, 1197 (Fla. 2d DCA 2003) (quoting State v. Johnston, 743 So. 2d 22, 24 (Fla. 2d DCA 1999)). In other words, the State must establish that the ruling violated clearly established law and would cause material injustice. Richman, 861 So. 2d at 1197; State v. Gates, 826 So. 2d 1064, 1066 (Fla. 2d DCA 2002). The State asserts that although the circuit court cited to section 90.404(2)(b)(1) and McLean, it actually applied the abrogated relaxed familial standard to determine the admissibility of the collateral crime evidence. The State argues that the court failed to apply the correct law which required it to apply section 90.404(2)(b)(1) by following the steps set forth in McLean.

We agree. The circuit court cited McLean for the proposition "that there is a 'relaxed' requirement for finding similarity of the collateral crime to the present charges in a child molestation case that involves familial relationships between the two victims and the defendant." However, the circuit court cited to a portion of McLean wherein the supreme court discussed the case law that was abrogated by section 90.404(2)(b)(1). See McLean, 934 So. 2d at 1258 (citing Saffor which was applying Heuring). Indeed, the McLean court explained as much on the very next page: "Section 90.404(2)(b) broadly provides that evidence of the defendant's commission of other acts of child molestation is admissible regardless of whether the charged and collateral offenses occurred in the familial context or whether they share any similarity. To this extent,

- 8 -

section 90.404(2)(b) abrogates our decisions in <u>Heuring</u>, <u>Rawls</u>, and <u>Saffor</u>." <u>McLean</u>, 934 So. 2d at 1259.

The circuit court should have followed the procedure the <u>McLean</u> court subsequently set forth for applying section 90.404(2)(b). This procedure required the court to apply the section 90.403 balancing test to determine whether the probative value is substantially outweighed by the danger of unfair prejudice. 934 So. 2d at 1262. Instead, the circuit court in this case applied the very standard that was abrogated by section 90.404(2)(b). By so doing, the court violated clearly established law in a manner constituting a departure from the essential requirements of the law. This departure would result in the State suffering irreparable injury by depriving it of crucial evidence that would have corroborated the victim's testimony in a case resting on the victim's credibility. We therefore grant the petition, quash the order, and remand for the circuit court to reconsider the State's motion using the correct standard.

Petition granted.

VILLANTI and SLEET, JJ., Concur.